PER CURIAM.
Upon consideration of this interlocutory appeal by the defendant, Merrill-Stevens Dry Dock Co., from a final judgment of default entered after the circuit court denied the defendant’s motion to set aside a default for failure to timely file a pleading or paper in response to the plaintiff-appel-lees’ complaint, we find there to be reversible error.
 The policy of the courts of Florida in setting aside defaults in order to permit a trial on the merits is one of liberality. North Shore Hospital, Inc. v. Barber, Fla.1962, 143 So.2d 849. Therefore, the order denying the defendant’s motion to set aside default and the final judgment of default entered pursuant thereto are reversed and remanded to the trial court with directions to proceed to trial on the merits.
Reversed and remanded with directions.