381 So.2d 318 (1980)
B/G AMUSEMENTS, INC., a Florida Corporation, Appellant,
v.
MYSTERY FUN HOUSE, INC., a Florida Corporation, Appellee.
No. 78-910/NT4-67.
District Court of Appeal of Florida, Fifth District.
March 19, 1980.
Stephen A. Weinstein, Orlando, for appellant.
No appearance for appellee.
HERSEY, GEORGE W., Associate Judge.
This appeal results from the entry of a default for failure of the defendant to file a responsive pleading and final judgment entered thereon.
Appellant was the lessee under an agreement for certain premises at a fixed annual rental, plus a percentage of the profits, and lessee was to pay taxes and utilities. Upon default by the lessee in the payment of rentals and for failure to maintain certain amusement devices in operating condition and for other defaults which need not be detailed here, the appellee wrote a letter of demand to the appellant dated December 9, 1977, pointing out the defaults and threatening to terminate the lease within thirty days of the date of the letter. Approximately one month later the lessee made a rental payment. The record does not disclose whether the amount paid was the full amount due and owing or whether or not any of the other defaults complained of had been cured.
On January 16, 1978, lessor filed an action seeking damages and eviction. On *319 February 7, 1978, the president of appellant filed a notice of appearance pro se. On February 23, 1978, appellee filed a motion for default for failure of appellant to file a responsive pleading. The certificate of service indicates that a copy was mailed to appellant's president on February 22, 1978. Six days later, on February 28, 1978, a default was entered against appellant. On March 8, 1978, appellant's president filed a motion to set aside the default, ascribing as grounds therefor excusable neglect. A final judgment was entered against appellant on March 24, 1978. The record contains an affidavit made by David A. Siegel as president of Mystery Fun House, Inc., the appellee, containing the following:
2. That B/G Amusements, Inc. owes to Mystery Fun House, Inc. the amount of $13,725.60 for lost revenue due to inoperable game machines.
The final judgment awards damages to appellee in the amount of $13,725.60.
On March 31, 1978 counsel for appellant filed a motion to set aside default and final judgment, together with an affidavit of Robert F. Piecheny, president of B/G Amusements, Inc. The affidavit alleged by way of meritorious defense the payment in January, 1978, of $4,749.29 "... which represented payment for all sums claimed by plaintiff against defendant and additional sums which had accrued through December, 1977... ." The affidavit contained the further allegation by way of excusable neglect that, because of illness, the president of appellant did not receive the notice of hearing until the afternoon of February 28, 1978, which made it impossible for him to attend the hearing on the morning of February 28.
On April 10, 1978, the trial court entered an order denying the motion to set aside default and to set aside final judgment.
The correctness of the entry of a default against the defendant corporation is not a viable issue. The record discloses that no responsive pleading was filed within the time provided by law and the default was entirely proper. The issues raised on appeal concern the propriety of the damage award and the refusal of the lower tribunal to grant the motion to set aside default and to set aside final judgment.
A party may be relieved from a final judgment under Rule 1.540(b), Florida Rules of Civil Procedure, for excusable neglect. However, as our Supreme Court concluded upon reviewing previous cases in North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962), if there is any reasonable doubt, then a default should be vacated allowing a trial on the merits. The general policy of Florida courts in vacating defaults and judgments entered as a consequence of default is stated in the following language from Merrill-Stevens Dry Dock Co. v. Dozier, 310 So.2d 434 (Fla. 3d DCA 1975):
The policy of the courts of Florida in setting aside defaults in order to permit a trial on the merits is one of liberality.
It does not follow, however, that every default should be vacated simply because an application therefor is made. We think the correct rule, and one that does not do violence to the liberal policy enunciated by the case law, is succinctly stated by the court in Winter Park Arms, Inc. v. Akerman, 199 So.2d 107, 108 (Fla. 4th DCA 1967):
The general rule in cases such as this is that the relief may be granted within the sound discretion of the trial court upon a showing of the existence of a meritorious defense and a legal excuse for failure to comply with the rules.
The absence of either of these elements, however, will defeat his attempt to set aside a default.
In the case at bar, appellant did not retain counsel to appear for it until after final judgment had been entered, two months after the complaint was filed. No pleading in response to the complaint was ever filed. As "excusable neglect" appellant alleges an illness of apparently one days duration, as a result of which the notice was received too late for a representative of appellant to attend the hearing. Whether or not this constitutes excusable neglect is immaterial, for it obviously does *320 not go to the failure of appellant to file a responsive pleading within the time permitted by the appropriate rule. Further, the only matter urged as a meritorious defense is the mailing of a check in payment of rent. This goes to only one of several defaults alleged in the complaint. Appellant having failed to sustain the burden of showing the existence of a meritorious defense and excusable neglect, the order appealed from is affirmed with respect to denial of the motion to set aside default.
The remaining question is whether or not appellant was entitled to notice of the hearing at which damages were assessed. In the case of Stevenson v. Arnold, 250 So.2d 270 (Fla. 1971) the following question was certified by the District Court of Appeal, Fourth District:
Whether in a suit seeking a money judgment for unliquidated damages, a defendant against whom a default judgment has been duly and regularly entered, is entitled to notice of trial on the issue of damages notwithstanding Rule 1.080(a), R.C.P.
In response, the Supreme Court held that notice under such circumstances was not necessary, expressly modifying all prior cases to the extent they were in conflict with the reasons and result of that case.
Then on January 1, 1977 the current revision of Rule 1.440(c), Florida Rules of Civil Procedure became effective. This amended rule provides in pertinent part:
In law actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with Rule 1.080(a). In re Florida Bar, Rules of Civil Procedure, 339 So.2d 626 (Fla. 1976).
The reference to Rule 1.080(a), Florida Rules of Civil Procedure tends to be confusing but examination of Rule 1.080(h) confirms an intention to change the rule of Stevenson v. Arnold, supra, by the 1977 amendments, so that notice is now required. We therefore hold that a party against whom a default has been entered is entitled to notice of an order setting an action involving unliquidated damages for trial. In accordance with this holding, we reverse this aspect of the order and the final judgment and remand for trial, after notice, on the damages issue.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
DAUKSCH, C.J., and DOWNEY, JAMES C., Associate Judge, concur.