425 So.2d 580 (1982)
TPM CONSTRUCTORS, INC., Appellant,
v.
TWIN COAST TILE, INC., a Florida Corporation, Appellee.
No. 82-679.
District Court of Appeal of Florida, Fifth District.
December 22, 1982.
Rehearing Denied January 26, 1983.
Stephen B. Rakusin of Stephen B. Rakusin, P.A., Gainesville, for appellant.
John J. Fogarty of Sam E. Murrell & Sons, Orlando, for appellee.
COBB, Judge.
On December 16, 1981, Twin Coast Tile, Inc. (Twin Coast) filed a complaint against TPM Constructors, Inc. (TPM), alleging *581 breach of contract.[1] On February 8, 1982, the Clerk of the Court entered a default pursuant to Twin Coast's motion for default based on TPM's failure to timely answer or serve any pleadings. On February 17, 1982, the lower court, upon motion, then entered a default judgment in favor of Twin Coast. The court denied, without explanation, TPM's motion to vacate the default judgment filed on March 15, 1982, and TPM appealed therefrom.[2] The issue in this case is whether the trial court erred by denying TPM's motion to vacate the default judgment. For the reasons stated below, we reverse and remand for reconsideration of the motion.
A trial court may properly grant a motion to vacate a default judgment where the movant establishes (1) a meritorious defense, and (2) a legal excuse for failure to comply with the rules. The absence of either of these elements precludes the setting aside of a default judgment. B/G Amusements, Inc. v. Mystery Fun House, Inc., 381 So.2d 318 (Fla. 5th DCA 1980). TPM offered evidence of these requisites to the trial court through affidavits, an answer and affirmative defenses. In its written response to the motion to vacate and during the hearing, Twin Coast argued that TPM's motion was insufficient as a matter of law because the motion failed to contain an offer to go to trial at once on the material issues.[3] Appellant points out, and Twin Coast concedes in its brief, that a party moving to vacate a default judgment is no longer required to offer to go to trial immediately. This requirement is obsolete because of the present method of setting actions for trial. Fla.R.Civ.Pr. 1.440 (1980); Trawick Florida Practice & Procedure § 25-3 (1981 ed.).
A showing of gross abuse of discretion is necessary on appeal to justify reversal of a lower court's ruling on a motion to vacate a default judgment. Sterling Drugs Inc. v. Wright, 342 So.2d 503 (Fla. 1977). Here, the order denying the motion to vacate the default judgment is devoid of explanation. Hence, we cannot determine whether the lower court exercised its broad discretion or simply felt obligated to deny TPM's motion based on Twin Coast's misstatement of the current law. Therefore, we reverse and remand for reconsideration of the motion to vacate the default judgment without reference to TPM's failure to allege its readiness to go to trial.
REVERSED and REMANDED with instructions.
SHARP, J., and SMITH C. McFERRIN, JJ., Associate Judge, concur.
NOTES
[1] The parties had entered into a contract under which Twin Coast was to install resilient flooring and acoustic ceilings in a construction project on which TPM was the general contractor.
[2] This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv). An order denying a motion to vacate a default judgment is an appealable order under this rule as an order determining liability in favor of a party seeking affirmative relief. Doctors Hospital of Hollywood, Inc. v. Madison, 411 So.2d 190 (Fla. 1982).
[3] During the hearing on the motion to vacate, the following exchange took place:

TWIN COAST'S COUNSEL: One of the things off the bat that we observed about the motion is that it's insufficient as a matter of law because they failed to offer to go to trial at once on the material issues and I cited three cases to that proposition. That is an essential requirement of the motion in order for it to be a viable motion.
THE COURT: The cases say that or the rule?
TWIN COAST'S COUNSEL: Yes, sir. Both.
Later in the hearing, the court voiced concern over whether TPM was required to allege it was ready to go to trial and Twin Coast re-emphasized its point.