COWART, Judge.
This case involves the forfeiture of a pickup truck under section 932.701 — 932.-704, Florida Statutes (1981).
The sole question is whether there was evidence that the pickup truck was used in the commission of a felony. The sheriff claimed that the pickup truck and other items were instrumentalities in the commission of two felonies, aggravated assault (§ 784.021, Fla.Stat. (1981)) and shooting at a vehicle (§ 790.19, Fla.Stat. (1981)).
Two witnesses (Deputy Loren and Deputy White) testified for the sheriff and two witnesses testified for the pickup truck owners (one owner, Gary Crawford, and James Wilson, Jr.).
*647 The two deputies testified that at about 10:30 p.m. each deputy was in a separate patrol car in a parking lot 70 to 80 feet from a highway when they heard an explosion and a nearby ricochet. When he heard this first shot, Deputy White looked towards the highway and saw a flash (a second shot) from the passenger window of Crawford’s pickup truck as it was traveling on the highway. Both officers followed the truck, one flashed overhead lights and the truck driver (Gary Crawford) pulled over making no attempt to elude the officers. James Wilson, Jr., was the passenger in the truck and neither occupant was in any way uncooperative.
Gary Crawford and James Wilson, Jr., testified they were returning from a hunting trip and both had rifles on the seat pointing toward the floorboard. Both testified that James’ rifle fell and discharged the first time through the floorboard and that James retrieved the rifle and while he was attempting to unload it, the gun fired a second time through the passenger’s side window and into the air. Both men testified they had not discussed or attempted to aim any rifle at any person or vehicle on the night in question.
Both Gary and James were initially charged with discharging a firearm in public but the State subsequently entered a nolle prosequi as to Gary and the County Court dismissed the case against James. The trial court, indicating disbelief of the testimony of Gary Crawford, granted forfeiture of the truck. We reverse.
The point is not that Gary or James had to be believed that the gun was accidentally discharged but that the sheriff had the burden of proof to establish that the truck had been an instrumentality in the commission of a felony and the sheriff’s evidence is entirely insufficient for that purpose. There is no evidence that James knowingly, meaning intentionally, discharged his firearm, which, even if true, constitutes a misdemeanor under section 790.15, Florida Statutes (1981), and, not being a felony, is insufficient for forfeiture under section 932.701(2)(e), Florida Statutes (1981). Further, there is no evidence that James intended to, or did, commit a felony, i.e., that he made an aggravated assault on anyone or that he wantonly or maliciously shot within the vehicle. Further, even if James committed a felony in discharging his rifle, there is no evidence that Gary aided or abetted James as would be necessary under section 777.011, Florida Statutes (1981), in order for Gary to have been employing the truck as an instrumentality while aiding or abetting James in the commission of a felony, as contemplated by sections 932.-701(2)(e), Florida Statutes (1981), and as necessary in order to authorize the forfeiture of the truck under that statute. Gary’s mere presence when James committed a felony would be insufficient to incriminate Gary as an aider or abetter. The sheriff must show that the owner actually employed the truck as an instrumentality in the commission of a felony by the owner or that the owner employed the truck as an instrumentality while the owner was aiding or abetting someone else in the commission of a felony or that the owner had knowledge of, and consented to, or approved, such illegal use being made by someone else. See In re 36’ Uniflite, “Pioneer I,” Reg. No. FL 7894 AH, 398 So.2d 457 (Fla. 5th DCA 1981).
The judgment of forfeiture of the pickup truck is
REVERSED.
DAUKSCH, J., and FOXMAN, Associate Judge, concur.