442 So.2d 307 (1983)
In re FORFEITURE OF ONE 1976 CHEVROLET CORVETTE, VIN 1Z37L6541240.
Lawson L. LAMAR, As Sheriff of Orange County, Appellant,
v.
Karin HAYES, Appellee.
No. 83-153.
District Court of Appeal of Florida, Fifth District.
December 1, 1983.
Rehearing Denied December 22, 1983.
William C. Vose, Orlando, for appellant.
James K. Freeland, Orlando, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Lawson Lamar, as Sheriff of Orange County, appeals a final judgment denying forfeiture of a 1976 Chevrolet Corvette owned by Karin Hayes. The sole question in this case is who has the initial burden of proof in a forfeiture action.
Section 932.704(2), Florida Statutes (1981), provides the only legislative guidance for the courts to follow in forfeiture *308 of property for which title or registration is required. It provides in part:
[T]he state attorney ... shall give notice of the forfeiture proceedings by registered mail ... to each person having such security interest in the property and shall publish, in accordance with chapter 50, notice of the forfeiture proceeding once each week for two consecutive weeks in a newspaper of general circulation ... in the county where the seizure occurred. The notice shall be mailed and first published at least four weeks prior to filing the rule to show cause ... and state the name of the court in which the proceeding will be filed and the anticipated date for filing the rule to show cause... .
In this case, Sheriff Lamar filed a complaint for rule to show cause and for final order of forfeiture alleging that Hayes' automobile had been seized after being used in the commission of an aggravated battery. Hayes filed an answer to the complaint admitting all allegations except those relating to the commission of the felony. Upon application for rule to show cause, an affidavit of a deputy sheriff was submitted detailing the commission of the felony and the involvement of the automobile. Hayes was not present nor required to be. The court then issued the rule to show cause, ordering Hayes to file pleadings indicating why the court should not enter an order of forfeiture. Hayes filed an answer to the rule denying that she had any knowledge that the felony had been committed.
At the forfeiture hearing, counsel for the Sheriff contended that the burden was on Hayes to proceed and show why the property should not be forfeited. The court disagreed and ruled that, as Hayes, the claimant, had filed an answer denying the allegation set forth by the Sheriff, the burden had now shifted back to the Sheriff to go forth with proof in support of his claim of forfeiture. Counsel for the Sheriff declined to do so and the court discharged the rule and entered final judgment denying forfeiture. We affirm.
In two recent cases, In re: Forfeiture of United States Currency in the Amount of $5,300, 429 So.2d 800 (Fla. 4th DCA 1983) and In re: Forfeiture of Approx. $48,900 in U.S. Currency, 432 So.2d 1382 (Fla. 4th DCA 1983), the Fourth District enunciated detailed procedures for forfeiture actions which we hereby adopt. In In re: Forfeiture of United States Currency in the Amount of $5,300, the court set out the following procedures for forfeiture actions:
[F]ollowing all the statutory notice requirements, the seizing agency should file a verified petition for a rule to show cause with the appropriate circuit court. The petition should be drawn in accordance with the provisions of Florida Rule of Civil Procedure 1.110(b). The seizing agency should then apply to the court ex parte for the issuance of the rule. If the petition states a cause of action for forfeiture the rule should issue without the necessity of taking testimony. The rule to show cause should be served on all persons claiming ownership as well as those claiming a security interest, along with a copy of the petition for rule to show cause. It should require those persons claiming an interest in the property to file a responsive pleading and to appear at time and place certain to show cause why the property should not be forfeited. The responsive pleading should admit or deny or explain the petition's material allegations and should assert any affirmative defenses, all as provided by Florida Rule of Civil Procedure 1.110(c) and (e). Failure to respond will entitle the seizing authority to default as provided by Florida Rule of Civil Procedure 1.500. It is at that time that the forfeiture hearing will take place with respective parties presenting their evidence in accordance with the issues drawn by the pleadings with recognition of their respective burdens of proof.
At 803.
In In re: Forfeiture of Approx. $48,900 in U.S. Currency, the court addressed the burden of proof standard in such cases:
The burden of proof in a forfeiture proceeding is allocated in the following manner: *309 The governmental entity seeking forfeiture bears the initial burden of going forward, but it must only show probable cause that the res subject to forfeiture was illicitly used within the meaning of the forfeiture statute. Once the governmental entity has established probable cause, the burden shifts to the claimant to rebut the probable cause showing or, by a preponderance of the evidence, to establish that the forfeiture statute was not violated or that there is an affirmative defense which entitles the claimant to repossession of the item. [footnote omitted]
At 1385.
It was necessary that the Sheriff carry the initial burden at the forfeiture hearing to show the automobile was illicitly used within the meaning of the forfeiture statute. Because of his failure to do this, the trial court was correct in denying forfeiture.
AFFIRMED.
DAUKSCH and COBB, JJ., concur.