468 So.2d 502 (1985)
KINDLE TRUCKING COMPANY, Etc., Appellant,
v.
MARMAR CORPORATION, Etc., Appellee.
No. 84-1457.
District Court of Appeal of Florida, Fifth District.
May 9, 1985.
*503 Herbert H. Hall, Jr., of Law Offices of Eric S. Mashburn, Winter Garden, for appellant.
Shawn G. Rader, of Lowndes, Drosdick, Doster & Kantor, P.A., Orlando, for appellee.
ORFINGER, Judge.
Defendant appeals from a non-final order of the trial court denying its motion to set aside a clerk's default. We have jurisdiction. Fla.R.App.P. 9.130(a)(3)(C)(iv); Doctors Hospital of Hollywood v. Madison, 411 So.2d 190 (Fla. 1982). We reverse.
MarMar filed its complaint against Kindle on July 11, 1984 for breach of contract and damages. A summons was issued on July 11, 1984, and was served in Massachusetts. The copy left with defendant's agent stated that it was to be served "upon the defendant
Robert Berthiaume 148 Edgewater Road Agawam, Mass."
and that each defendant was required to serve written defenses within 20 days after service. Berthiaume was not a defendant in the case. Kindle Trucking Company was the sole defendant.
The officer's affidavit of service recites that service was effected by leaving a copy with William Moccio, the "office manager, agent and person in charge of defendant Kindle Trucking Co., Inc. at the time of service." Among other issues, Kindle argues that service was ineffective because it was not made in compliance with section 48.081, Florida Statutes (1983), but we need not address that issue.
When no answer or other pleading was served by August 6, 1984, the last day for such service, plaintiff secured the entry of a clerk's default the next day. Two days later, defendant moved to set aside the default, alleging excusable neglect, caused principally by the confusion generated by the incorrect language of the summons. The affidavit of Berthiaume, the company president, filed in support of the motion stated, among other things:
Attached hereto are the Summons and Complaint which were apparently received by William Moccio in Agawam, Massachusetts. As set forth on the Summons, said documents designated as the Defendant the individual Robert Berthiaume. Said Summons did not indicate that Robert Berthiaume was being served as a corporate representative or that this Summons and Complaint were purported service of process upon KINDLE TRUCKING COMPANY, INC.
As a result of the ambiguity on the Summons, delays were caused in the processing of said Summons by the Corporation as a result of which the documents were *504 not received in Florida and an attorney hired within the twenty (20) day period following the purported service. But for these delays, the Defendant, KINDLE TRUCKING COMPANY, INC., would have responded within the required time.
A defense to the complaint was also asserted which the parties do not dispute is meritorious.
To justify reversal of a lower court's ruling on a motion to set aside the default, a showing of gross abuse of the lower court's discretion is necessary. Sterling Drug, Inc. v. Wright, 342 So.2d 503 (Fla. 1977). Although there is a policy of liberality towards a vacation of default so that the merits of the case can be reached, North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962), the movant must establish (1) a meritorious defense and (2) a legal excuse for failure to comply with the rule. If the movant fails to establish either of those elements the default cannot be properly set aside. T.P.M. Constructors, Inc. v. Twin Coast Tile, Inc., 425 So.2d 580 (Fla. 5th DCA 1982), rev. denied, 434 So.2d 889 (Fla. 1983); B/G Amusements, Inc. v. Mystery Fun House, Inc., 381 So.2d 318 (Fla. 5th DCA 1980). One factor that the trial court may consider in determining whether the negligence was excusable is the diligence demonstrated by the movants upon learning of the default. B.C. Builders Supply Company, Inc. v. Maldonado, 405 So.2d 1345 (Fla. 3d DCA 1981). The issue of whether the defendant had a meritorious defense was not contested. The trial court however found that there was no excusable neglect for the defendant's failure to answer within twenty days.
If there is any reasonable doubt on the question of vacating a default, it should be resolved in favor of granting the application and allowing a trial on the merits of the case. North Shore Hospital, 143 So.2d at 853. Here, the copy of the summons served on defendant required not that the defendant serve an answer, but that Robert Berthiaume serve one. Who is responsible for this error and why the service copy of the summons differs from the original on file may warrant further review by the trial court, but we need not address that now. At the very least the ambiguity in the summons is a plausible explanation for the delay and constitutes excusable neglect for failure to respond on time. The defendant moved promptly to request that the default be set aside. Cf., Westinghouse Credit Corp. v. Steven Lake Masonry, Inc., 356 So.2d 1329 (Fla. 4th DCA 1978).
Under these circumstances, the trial court should have vacated the default because excusable neglect and a meritorious defense are demonstrated. The order appealed from is reversed and the cause is remanded for further proceedings.
REVERSED and REMANDED.
COBB, C.J., and FRANK D. UPCHURCH, Jr., J., concur.