478 So.2d 353 (1985)
William Earl CARPENTER, Appellant,
v.
Bobby BENSON a/K/a Robert Benson, et al., Appellees.
No. 84-916.
District Court of Appeal of Florida, Fifth District.
September 12, 1985.
Rehearing Denied November 8, 1985.
Kenneth S. Stepp, Inverness, for appellant.
*354 Patricia Butler Vitter, Inverness, for appellee, All County Disposal Corp.
No appearance for appellee Benson.
ORFINGER, Judge.
The issue on appeal is the correctness of the trial court's order setting aside a default entered by the clerk of the court against the garnishee. After setting aside the default, the trial court proceeded to enter final judgment against the garnishee, and the judgment creditor appeals. We affirm.
Carpenter sued and recovered a judgment for $32,500 against the original defendant, Bobby Benson. Carpenter subsequently obtained and had served a writ of garnishment directed to All County Disposal Corporation (All County). When All County did not answer the writ within the required twenty day period after service, Carpenter moved for entry of a default which was then entered by the clerk of the court. Twenty-one days later, All County filed a motion to vacate the default alleging facts which it contended demonstrated excusable neglect for having failed to answer, and submitted a proposed answer to the writ alleging in substance that it was not indebted to Benson, but that it had paid wages to him subsequent to service of the writ totalling $299.74, that Benson had been discharged from employment prior to the filing of the proposed answer and that garnishee had no other assets of defendant and knew of no other assets nor of any other person who might be indebted to the defendant. After hearing, the trial court vacated the default, and subsequently entered judgment against the garnishee for $299.74, plus attorney's fees, from which judgment the plaintiff appeals.
At the final hearing plaintiff did not dispute the garnishee's allegation that it was not indebted to defendant and that it had paid only $299.74 to defendant after service of the writ. Nevertheless, plaintiff contends that the default was improperly set aside and that he is entitled to a judgment against the garnishee for the full amount of his judgment, $32,500. We disagree.
To address the issues here, a review of the garnishment statute is necessary. Garnishment in Florida is governed by Chapter 77, Florida Statutes (1983). Section 77.06 provides that service of the writ of garnishment on the garnishee shall make the garnishee liable "... for all debts due by him to defendant and for any tangible or intangible personal property of defendant in his possession or control at the time of the service of the writ or at any time between the service and the time of his answer." The garnishee is not the original debtor and the judgment creditor receives no greater rights against a garnishee than would have been available to the judgment debtor in a proceeding against the garnishee. United Presidential Life Insurance Co. v. King, 361 So.2d 710 (Fla. 1978); Reeves v. Don L. Tullis & Associates, Inc., 305 So.2d 813 (Fla. 1st DCA 1975). That the obligation of a garnishee is so limited is further demonstrated by section 77.083 which provides that no judgment in excess of the amount remaining unpaid on the final judgment against the defendant or in excess of the amount of the liability of the garnishee to the defendant, whichever is less, shall be entered against the garnishee.
In the light of the garnishment statute and in view of the contents of the writ served on the garnishee, to agree with appellant would lead to a deprivation of the garnishee's property without due process of law, in violation of the Fourteenth Amendment to the United States Constitution and Article I, Sec. 9 of the Constitution of Florida.
The writ[1] of garnishment served on the garnishee states in pertinent part:

*355 YOU ARE COMMANDED to summon Garnishee ALL COUNTY DISPOSAL CORPORATION to serve an Answer to this Writ... stating whether the Garnishee is indebted to the Defendant BOBBY BENSON also known as ROBERT BENSON, at the time of the Answer or was indebted at the time of service of the Writ, or at any time between such times, and in what sum and what tangible and intangible personal property of the defendant the Garnishee has in his possession or control at the time of the Answer or had at the time of service of this Writ, or at any time between such times, and whether the Garnishee knows of any other person indebted to the Defendant or who may have any of the property of the Defendant in his possession or control. The amount set in Plaintiff's motion is $32,500.00... .
Neither the writ nor the statute authorizing it provides any notice to a garnishee that his own property is in jeopardy if he fails to respond to the writ. The writ calls on him only to disclose what money or personal property of the original defendant he holds and to provide information about said defendant's assets which may be in the possession or control of other persons. Therefore, a judgment against a garnishee after service of this writ for an amount in excess of any debt which he owes to the judgment debtor would violate due process because of insufficient notice.
This issue was before the Supreme Court of Washington in the case of Ware v. Phillips, 77 Wash. 879, 468 P.2d 444, En Banc (1970). There, a writ in language substantially similar to the writ here was served on the garnishee who failed to answer. The applicable garnishment statute in effect in Washington at that time provided that in the event of the failure of the garnishee to answer the writ, a judgment by default could be entered against the garnishee for the full amount claimed by the plaintiff against the defendant. Nevertheless, the court found that a judgment against the garnishee which exceeded his debt to the defendant was void for due process reasons. We agree with the holding of that court when it said:
It is fundamental that a notice to be meaningful must apprise the party to whom it is directed that his person or property is in jeopardy. In the leading case of Hovey v. Elliott, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed.2d 215 (1897), the United States Supreme Court held that a court could not punish a defendant for contempt in a civil action by depriving him of the right to defend.
The court in that case was primarily concerned with the right to be heard, but its reasoning was that, without such right, the right to notice was meaningless, and it made it clear that notice itself, in order to be adequate, must apprise a party that judgment will be entered against him if he does not appear.
* * * * * *
The flaw in the writ, and in the statute authorizing it, ... is that no notice was provided that a claim was being asserted against the garnishees or that a judgment might be taken against them if they failed to answer. They were not apprised that their property was in jeopardy, and the judgment against them, rendered without such notice, was void because they were not accorded due process of law. .. .
Id. 468 P.2d at 446, 447.
In Hauser v. Dr. Chatelier's Plant Food Company, Inc., 350 So.2d 548 (Fla. 2d DCA 1977), the court arrived at a similar result without addressing the due process issue except by footnote reference. There, the writ served on the garnishee was substantially in the form required by section 77.04 and required the garnishee to respond as to whether or not he was indebted or held any property belonging to the judgment *356 debtors. In setting aside a default judgment for $185,979.50 entered against the garnishee, the court noted that there were no ultimate facts alleged in the writ of garnishment which were admitted by the default, hence no basis for the entry of a judgment in the absence of an evidentiary hearing as required by Florida Rule of Civil Procedure 1.500(e). Cf., Sentry Indemnity Company v. Hendricks Enterprises, 371 So.2d 1105 (Fla. 4th DCA 1979) where the court vacated a judgment for $3,436.15 entered against the defaulting garnishee, and directed entry of a judgment for $1,800, because this latter sum had been specifically demanded in the writ of garnishment.
Even if it could be successfully argued that a judgment debtor is entitled to a judgment against the defaulting garnishee for the full amount of the judgment debt, because the judgment creditor derives his rights against a garnishee only by virtue of the fact that the garnishee holds money or property owed to the judgment debtor, when a trial judge is presented with facts which make it appear inequitable to enforce the judgment against the garnishee, he should exercise his discretion to set aside the default. United Presidential Life Insurance Co. v. King, supra. This is especially so in jurisdictions where the full amount of the judgment can be visited upon the defaulting garnishee where it has been held that the principles relating to the setting aside of default judgments are applied more liberally in the case of a garnishee. See, Webb v. Erickson, 134 Ariz. 182, 655 P.2d 6, En Banc (1982). Here, it would have been patently inequitable to enforce a judgment for $32,500 against a garnishee whose only obligation here was the $299.74 erroneously paid to the defendant after the service of the writ of garnishment.
AFFIRMED.
COBB, C.J., and COWART, J., concur.
NOTES
[1] Section 77.04 provides:

Writ; form.  The writ shall require the garnishee to serve an answer to it on plaintiff within twenty days after service stating whether he is indebted to defendant at the time of the answer, or was indebted at the time of service of the writ, or at any time between such times; and in what sum and what tangible or intangible personal property of defendant he has in his possession or control at the time of his answer, or had at the time of the service of the writ, or any time between such times; and whether he knows of any other person indebted to defendant, or who may have any of the property of defendant in his possession or control. The writ shall state the amount named in plaintiff's motion.