480 So.2d 221 (1985)
TIRE KINGDOM, INC., Appellant,
v.
Tamara Sue BOWMAN, Etc., et al., Appellees.
No. 85-317.
District Court of Appeal of Florida, Fifth District.
December 26, 1985.
Philip N. Sherwin and Salvatore Scibetta of Fetterman & Associates, North Palm Beach, for appellant.
Walter A. Ketcham, Jr., of Walker, Miller & Ketcham, P.A., Orlando, for appellees.
UPCHURCH, Judge.
Tire Kingdom appeals from a final judgment of garnishment after a default was entered against it. We find no gross abuse of discretion in the trial court's refusal to set aside the default. However, we find that the garnishor, Tamara Bowman, was not entitled to a judgment for the full amount of her claim and accordingly reverse *222 and remand for a hearing on damages.
The record reflects that Tamara Bowman recovered a judgment in the amount of $33,947.38 against Thomas Hines. When Hines did not satisfy the judgment, Bowman caused a writ of garnishment to be served on Tire Kingdom, Hines' employer. Tire Kingdom failed to respond to the writ of garnishment and a default was entered. On January 11, 1985, Bowman moved for entry of a final judgment and mailed a copy of this motion to Tire Kingdom's corporate offices in St. Petersburg. On February 4, 1985, Tire Kingdom appeared in the garnishment proceedings and filed an answer and a motion to set aside the default. Tire Kingdom acknowledged that it had been served with the writ but explained that the document had been intermingled with other documents and had never been delivered to counsel for response. Tire Kingdom further stated that Hines was one of its employees earning a base salary of $350 per week plus bonuses. Since service of the writ, Tire Kingdom had paid Hines $4,556.93 and was indebted to him in the amount of $1,739.98. The trial court denied the motion to set aside the default and later entered judgment in favor of Bowman for $33,947.38, the full amount of the claim against Hines.
A trial court may grant a motion to vacate a default if the moving party establishes both that he has a legal excuse for failing to comply with the rules of procedure and that a meritorious defense exists. Kindle Trucking Co. v. Marmar Corp., 468 So.2d 502 (Fla. 5th DCA 1985); Fratus v. Fratus, 467 So.2d 484 (Fla. 5th DCA 1985); L.B.T. Corp. v. Camacho, 429 So.2d 88 (Fla. 5th DCA 1983); T.P.M. Constructors, Inc. v. Twin Coast Tile, 425 So.2d 580 (Fla. 5th DCA 1983). The court is vested with broad discretionary power in determining whether the facts constitute excusable neglect justifying the vacating of a default and a showing of a gross abuse of discretion is necessary on appeal to justify a reversal of the trial court's ruling on a motion to vacate. See North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962); Florida Aviation Academy v. Charter Air Ctr., 449 So.2d 350 (Fla. 1st DCA 1984). We find no gross abuse of discretion here in the denial of Tire Kingdom's motion to set aside the default.
However, under the reasoning in this court's recent decision in Carpenter v. Benson, 478 So.2d 353 (Fla. 5th DCA 1985), the final judgment for the full amount claimed by Bowman must be set aside. In Carpenter v. Benson, Carpenter recovered a judgment for $32,500 against Benson and later served a writ of garnishment on Benson's employer, All County Disposal Corporation. After All County failed to answer, a default was entered. All County later moved to set aside the default alleging in part that it had paid Benson $299.74 after service of the writ, that Benson had been discharged from employment and that it was not indebted to Benson. The trial court vacated the default and entered judgment against All County for $299.74 plus attorney's fees. Carpenter appealed, claiming entitlement to a judgment against the garnishee for the full amount of his judgment of $32,500.
On appeal, this court rejected Carpenter's argument, explaining as follows:
Neither the writ[1] nor the statute authorizing it provides any notice to a garnishee that his own property is in jeopardy if he fails to respond to the writ. The writ calls on him only to disclose what money or personal property of the original defendant he holds and to provide information about said defendant's assets which may be in the possession or control of other persons. Therefore, a judgment against a garnishee after service of this writ for an amount in excess of any debt which he owes to the judgment debtor would violate due process because of insufficient notice.
478 So.2d at 355.
Here, in a sworn affidavit, Tire Kingdom asserted that it had paid its employee *223 Hines $4,556.93 since the service of the writ and presently owed him $1,731.93. Tire Kingdom had no notice that its own property was in jeopardy if it failed to respond to the writ. Thus, the judgment for the full amount of the claim by Bowman, since it is in excess of any debt owed to Hines, must be set aside. We therefore remand to the trial court for reconsideration of damages.
REVERSED and REMANDED.
COBB, C.J., and SHARP, J., concur.
NOTES
[1] The writ in Carpenter was in the form provided by section 77.04, Florida Statutes (1983) and is virtually identical to the writ served on Tire Kingdom.