DAUKSCH, Judge.
The trial court erred in setting aside the default entered by the clerk and denying appellant’s motion for judgment of default. The appellant brought an action for forfeiture, pursuant to Florida Statutes 932.701-932.704, of $2,000 found in a suspicious package at the Orlando International Airport. Appellee, the sender of the package, was given proper notice and was personally served in court with the complaint requiring an answer within twenty days. The complaint and notice of forfeiture proceedings were prepared in compliance with Florida Statute 932.704 and this court’s decision in In Re: Forfeiture of One 1976 Chevrolet Corvette, V1N1Z37L6541240, 442 So.2d 307 (Fla. 5th DCA 1983), pet. for rev. den. 451 So.2d 849 (Fla.1984). When appellee did not answer, the appellant obtained a default entered by the clerk.
To set aside a judgment of default the movant must set forth a valid defense and show excusable neglect. TPM Constructors, Inc. v. Twin Coast Title, Inc., 425 So.2d 580 (Fla. 5th DCA), pet. for rev. den. 434 So.2d 889 (Fla.1983). The trial court stated that appellee had set forth a valid defense. However, there is nothing in the record which establishes the existence of excusable neglect. The order is quashed and this cause remanded for entry of judgment for appellant.
REVERSED and REMANDED.
ORFINGER and COWART, JJ., concur.