SHARP, Judge.
Grigioni appeals from a judgment of forfeiture[1] which terminated his ownership interest in his 1984 Pontiac Trans Am in favor of the City of Maitland Police Department. The basis for the forfeiture in this case required a finding by the trial court that the automobile was “employed as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony.’’[2] The claimed felonies Gri-gioni allegedly committed were attempted murder or aggravated assault.
However, the record in this case fails to establish any connection between the claimed victim of the crimes and the Trans Am, other than that her latent palm print was discovered on the hood of the car. How it got there is unclear and a matter of pure conjecture. She did not testify at the hearing, and the police officers who did testify only reported seeing Grigioni and the victim struggling and engaged in combat outside the car. No one testified Gri-gioni used the car to batter or assault the victim.
We conclude the state failed to meet its burden of proof in this case.[3] The burden never shifted to Grigioni to rebut the state’s case.
REVERSED.
COBB, C.J., and COWART, J., concur.

. Florida Contraband Forfeiture Act, §§ 932.-701-932.704, Fla.Stat. (1985).

. § 932.701(2)(e), Fla.Stat. (1985).

. In re Forfeiture of One 1976 Chevrolet Corvette, 442 So.2d 307 (Fla. 5th DCA 1983), review denied, Lamar v. Hayes, 451 So.2d 849 (Fla.1984); In re Forfeiture of 1974 Ford Pickup Truck, VIN: F10GCT89110, Florida Tag DA-3485, 462 So.2d 1127 (Fla. 4th DCA 1984); Crawford v. Sheriff of Orange County, 441 So.2d 646 (Fla. 5th DCA 1983), review denied, 451 So.2d 850 (Fla.1984).