PER CURIAM.
Appellant, L.W. Adams, Jr., individually, owned stock in a corporation named L.W.A., Inc., d/b/a All American Mobile Home Sales. The majority stockholder, James Graham, as president and active manager, operates the corporate business. Appellees filed an action against the mobile home manufacturer and appellant “L.W. Adams, Jr., individually d/b/a All American Mobile Home Sales of St. Augustine” relating to their purchase of a mobile home from the corporate business. Adams, who had nothing to do with the sale of the mobile home from the corporate business to appellees and had sold his stock in the corporation before the action was filed, delivered the complaint and summons to Graham. Graham assured Adams that he would “take care of it,” but misplaced the documents and did not cause an answer to be filed in appellee’s action. A default was entered against Adams, individually. Adams received a copy of a court order setting the matter for jury trial solely on the issue of damages, and personally appeared at the hearing and tried to explain that the action involved the corporation and not himself personally. Judgment for $48,-631 plus costs was entered against Adams individually. Adams then moved to set aside the default and judgment, tendering the defense that the action should have been brought against the corporation and not himself personally. The trial court denied the motion and Adams appeals. We reverse.
*675 Under the facts of this case, the trial court abused its discretion in not vacating the default entered against Adams individually. The facts established both a legal excuse for failing to comply with the rules of civil procedure and the existence of a meritorious defense. See Tire Kingdom, Inc. v. Bowman, 480 So.2d 221 (Fla. 5th DCA 1985). If there is any reasonable doubt, the default should be vacated to allow a trial on the merits. See B/G Amusements, Inc. v. Mystery Fun House, Inc., 381 So.2d 318 (Fla. 5th DCA 1980).
The default is vacated, and the final judgment is reversed and the cause remanded for further proceedings.
REVERSED and REMANDED.
SHARP, C.J., and ORFINGER and COWART, JJ., concur.