534 So.2d 729 (1988)
Charles Edward MEDIOUS, Appellant,
v.
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Etc., Appellee.
No. 88-126.
District Court of Appeal of Florida, Fifth District.
October 20, 1988.
Rehearing Denied December 2, 1988.
*731 James E.C. Perry and James Sweeting, III, of Perry & Lamb, P.A., Sanford, for appellant.
Enoch J. Whitney, Gen. Counsel and R.W. Evans, Asst. Gen. Counsel, Tallahassee, and James Patrick Curry of Curry, Taylor & Carls, Orlando, for appellee.
DANIEL, Judge.
Charles Edward Medious appeals an amended final judgment forfeiting $16,547.87 in United States currency and twenty-one pieces of assorted jewelry to the use of the Florida Highway Patrol Division of the Department of Highway Safety and Motor Vehicles. The amended final judgment of forfeiture found probable cause to believe that the currency and jewelry were used and employed in aiding or abetting the commission of a crime  possession of controlled substances, cannabis and cocaine, with the intent to distribute the same; that the property was contraband and that Medious failed to show good and adequate cause why the property should not be forfeited. We affirm in part and reverse in part.
Medious was stopped for speeding and reckless driving on the Florida Turnpike by Florida Highway Patrol Trooper David Norman who clocked Medious' white northbound Cadillac at 90 miles-per-hour. The trooper testified that Medious was quite nervous as he stepped out of the car and could not locate his registration. During his search the trooper noticed a plastic baggie with white residue or white powdery substance on the driver's seat as well as a weapon on the right front floor board. A police dog brought to the scene alerted to the right front passenger seat in the vehicle. Another plastic baggie containing cocaine was found between the cracks in the seat. Medious told the trooper about twenty-one pieces of jewelry in a bag on the right floor board. One piece, a gold medallion on a chain shaped like a small spoon, had cocaine residue on it. The troopers found $16,500 secured with a rubber band in Medious' sock and $47.87 in his pocket. The currency was in the form of six $1,000 bills; ninety-nine $100 bills; one $500 bill; two $50 bills; two $20 bills; one $5.00; and two $1.00 bills. The jewelry was valued at $11,585.
Medious was convicted of possession of cocaine.[1] His car had an Illinois tag and Medious had an Illinois driving license. Medious told the trooper that he had the drugs for personal use; that he operated a car wash service; that he was a gambler and that he was involved in prostitution. The troopers did not have the dog examine the currency and the dog did not alert to any other areas of the vehicle. Nine grams of marijuana were located in a small plastic bag under the right side seat belt retracting assembly.
At the forfeiture hearing, Medious testified that he lived in Opalocka, Florida; that he owned a total of five duplexes in that area, renting out eight units, living in one and using the remaining one for his car wash business. Copies of deeds to support this contention were admitted into evidence. Medious also stated that he earned income from gambling and that he was on his way to Chicago to visit his mother when arrested. Medious explained that he had the money and jewelry with him because he did not want to leave them at his vacant house. According to Medious, he used the $1,000 bills to get bets and accumulated the $100 bills from the car wash and rental properties.
Forfeiture proceedings are governed by chapter 932. A "contraband article" is defined as:
(a) Any controlled substance as defined in chapter 893 or any substance, device, paraphernalia, or currency or other means of exchange which has been, is being or is intended to be used in violation of any provision of chapter 893.
* * * * * *
(e) Any personal property, including, but not limited to, any item, object, tool, substance, devise, weapon, machine, vehicle of any kind, money, securities, or currency, which has been or is actually employed *732 as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony.
§ 932.701(2)(a), (e), Fla. Stat. (1985).
Any contraband article involved in a violation of any provision of chapter 932 may be seized and forfeited. In any incident in which possession of any contraband article constitutes a felony, personal property in or on which the contraband article is located is contraband subject to forfeiture. In forfeiture proceedings, the governmental entity bears the initial burden of showing probable cause that the res subject to forfeiture was illicitly used within the meaning of the forfeiture statute. In re Forfeiture of One 1976 Chevrolet Corvette VIN 1Z37L6541240, 442 So.2d 307, 309 (Fla. 5th DCA 1983). After the governmental entity establishes that there is probable cause, the burden shifts to the claimant to rebut the probable cause showing or establish by a preponderance of the evidence that the forfeiture statute was not violated or that there is an affirmative defense which entitles the claimant to repossession of the item. Id.
In the case now before this court the department alleged a nexus[2] between the personal property and Medious' possession of a controlled substance with intent to distribute, a violation of chapter 893. Additionally, sufficient facts were pleaded to allow forfeiture upon a nexus established by the location of cocaine on any of the property, or use as a device or tool for the consumption of cocaine. The pleadings did not, however, assert the use of the currency or jewelry as contraband in violation of the gambling laws or any other criminal activities precluding those as alternative bases for forfeiture of the property.
Contrary to the department's assertion, it is necessary that this nexus be established for the money, the "spoon", and other jewelry separately as the establishment of a nexus to one item does not eliminate the need for its establishment to other items no matter how close in proximity. Otherwise, the nexus requirement would be illusory. See, e.g., In re Forfeiture of Two Thousand Four Hundred Fifty-Four Dollars ($2,454) in U.S. Currency, 503 So.2d 370 (Fla. 1st DCA 1987).
The determination of probable cause in a forfeiture proceeding involves the question of whether the information relied upon by the state is adequate and sufficiently reliable to warrant the belief by a reasonable person that a violation had occurred. Lobo v. Metro-Dade Police Department, 505 So.2d 621 (Fla. 3d DCA 1987). In that regard, probable cause for a belief that money is subject to forfeiture can be based upon a reasonable ground or belief that it was furnished or intended to be furnished in exchange for drugs. The belief can be created by less than prima facie proof although it must be more than mere suspicion. Circumstantial evidence can be used to establish probable cause for forfeiture. Id. Hearsay evidence can likewise be used to establish probable cause in this regard, although it may not serve as the basis for the forfeiture. In re Forfeiture of 1983 Wellcraft Scarab, 487 So.2d 306 (Fla. 4th DCA 1986).
In Lobo v. Metro-Dade Police Department, the court held that the state had met its burden of establishing probable cause for forfeiture of money based on the following factors:
1. The large amount of money  $142,795.
2. The method of packaging the money  wrapped in rubber bands in denominations of ones, fives, tens, twenties, fifties and hundreds.
3. The fact the money was carried in a duffle bag.
4. Conflicting statements by the defendant and her passenger as to the source of the money.
5. The alert by the drug detection dog on the bag containing the money.
*733 In Fitzgerald v. Metro-Dade County, forfeiture of money was based on the following:
1. A firearm in the owner's possession.
2. The owner's fleeing the police.
3. An airline ticket in another's name.
4. Statements made at the time of the arrest concerning the money  that the money was not his but that he had been instructed to take it to someone.
5. Packaging of the currency  $31,015 wrapped with rubber bands in individual stacks.
6. Drug dog alert on the currency.
In Dewey v. Department of Highway Safety & Motor Vehicles, Division of Florida Highway Patrol, 529 So.2d 300 (Fla. 2d DCA 1987), review denied, 525 So.2d 877 (Fla. 1988), the second district reversed the forfeiture of $13,000 cash concluding that probable cause did not exist that the money had been illicitly used. Dewey testified that he had dropped out of normal society existing without steady employment or any community ties, that he had received the money as assistance from his father and that he did not keep his money in any bank or own a home. The court contrasted these circumstances with those in Lobo and concluded that they created no more than a mere suspicion of the requisite nexus between the money and criminal activity.
Likewise, the information relied on by the department in the present case was inadequate and not sufficiently reliable (with one exception) to warrant the belief by a reasonable person that the jewelry and currency were furnished or intended to be furnished for drugs. In fact, some of the factors relied upon by the department militate against such a conclusion. For example, Medious was speeding, whereas drug couriers usually drive the posted speed limit. In addition, Medious was carrying large bills and a trooper testified that drug dealers usually carry small denominations packaged separately and that $1,000 denominations are rarely seen. A trooper also conceded that the small amount of drugs found in Medious' possession was less than that from which a living could be made. The amount of money was insufficient by itself to create probable cause and there was no dog alert on either the jewelry or the currency. Medious did not attempt to flee, and there were no conflicting statements from others. Thus, except for the spoon-shaped piece of jewelry on which there was cocaine residue[3], only a mere suspicion of the requisite nexus was created by the circumstances in this case.
Therefore, the final judgment is affirmed as to the forfeiture of the spoon-shaped piece of jewelry and reversed as to all other pieces of jewelry and the $16,547.87 in United States currency.
AFFIRMED in part; REVERSED in part.
DAUKSCH and ORFINGER, JJ., concur.
NOTES
[1] The plastic baggie found on the driver's seat contained twenty grams of cocaine.
[2] Medious is correct that a nexus is required between the property forfeited and a chapter 893 narcotics violation. See Crenshaw v. State, 521 So.2d 138 (Fla. 1st DCA 1988); Fitzgerald v. Metro-Dade County, 508 So.2d 747 (Fla. 3d DCA 1987); In re Forfeiture of $7,775.78 U.S. Currency, 477 So.2d 670 (Fla. 4th DCA 1985); Williams v. Miller, 433 So.2d 33 (Fla. 5th DCA 1983).
[3] We conclude that Medious failed to rebut the statutory presumption that the spoon shaped piece of jewelry was contraband.