HARRIS, Judge.
The Sheriff of St. Johns County was advised by a confidential informant that *268 crack cocaine was being sold from a particular residence. To confirm this information, two controlled buys with marked money were arranged. After two successful purchases of cocaine within a five-day period, a search warrant was obtained.
While executing the search warrant, the deputies saw Haymon Boynton, Jr. run down the hall to a bedroom. Officers outside the bedroom saw the occupant break the bedroom window with his arm and throw out a plastic bag containing cocaine. Boynton was found in the bedroom bleeding from cuts to his arm.
In the bedroom additional cocaine was found in a plastic film container and in a tray. Marijuana was also found in a jacket pocket. Also found in the bedroom were two loaded firearms and two scanners programmed to the sheriffs radio frequencies.
Finally, a substantial amount of cash was found in the bedroom: $185 was found on the tray containing cocaine (along with a razor blade); and $90 in a small pail next to the tray. Under the mattress was $3,053 in an envelope, $850 in a stack held by a rubber band, $40 in loose bills and $4,500 in a plastic ziploc bag. Included in the $4,500 stash was a portion of the marked money used in the controlled buys. In the same bedroom, $1,900 was found in a wallet; $618.19 in a purse; $194 in a bucket; and $156 in a second purse.[1]
The sheriff sued to forfeit the currency under the Florida Contraband Forfeiture Act,[2] which defines as contraband any currency which has been, is being or is intended to be used in violation of the drug laws.
The trial court directed a verdict in favor of Boynton at the close of the sheriffs case, primarily in reliance on Medious v. Dept. of Highway Safety, 534 So.2d 729 (Fla. 5th DCA 1988), rev. denied, 542 So.2d 1333 (Fla.1989), because the necessary “nexus” between the currency and the drug violation was not established. We reverse.
In Medious, we held that the plaintiff failed to show sufficient nexus between the confiscated property and the drug violation in order to justify confiscation. For example, the Medious court held that Medious’s actions were inconsistent with that of a drug courier; the currency was not in the denominations consistent with a drug operation; the amount of drugs found was more consistent with personal use; and Medious did not attempt to flee. Furthermore, Medious’ explanation for carrying the currency and jewelry was apparently reasonable to the Medious court.
The record in this case indicates that the bedroom where the currency, the narcotics, the loaded weapons, and the scanners were located was the operations center of a drug enterprise being conducted from that residence. It contained the banking operation, the security system and the inventory necessary to conduct this illegal enterprise. The location of the currency in that room is a sufficient nexus to at least shift the burden to Boynton to show that the forfeiture statute is inapplicable or that he had an “affirmative defense which entitles [him] to repossession of the item.” Medious at 732.
REVERSED and REMANDED.
GRIFFIN, J., and POUND, F.R., Jr., Associate Judge, concur.

. In a second bedroom, $38 was found. We agree that there was no nexus shown as to this amount.

. § 932.701-932.704, Fla.Stat. (1989).