127 So.2d 461 (1961)
Matthews Phillip LUCCO, Appellant,
v.
E.D. TREADWELL, Jr., I.D. Eller, Jr., and George Cavas, Appellees.
No. 2036.
District Court of Appeal of Florida. Second District.
February 22, 1961.
Rehearing Denied March 20, 1961.
*462 Halley B. Lewis, Arcadia, for appellant.
John H. Treadwell, III, of Treadwell & Treadwell, and Lewis E. Purvis, Arcadia, for appellees.
SHANNON, Judge.
The appellant, one of the defendants below, appeals from the final decree in an interpleader suit.
Matthews Phillip Lucco and George Cavas had negotiated for a proposed sale by Cavas to Lucco and Lucco had posted $500 with E.D. Treadwell, Jr., as part of the purchase price. The parties could not agree on the sale and Treadwell was holding the money, which both Lucco and Cavas claimed. Treadwell thereupon filed an interpleader suit, naming Lucco, in addition to others, as defendants. There were the usual answers, cross-claims, etc., until the time when a decree pro confesso was entered against Lucco, which he challenges as error here. Appellant, Lucco, complains of the final decree, which was for the appellee, Cavas, wherein the chancellor found, among other things:
"3. That the defendant, Matthews Phillip Lucco, pay to the plaintiff, E.D. Treadwell, Jr., the sum of $150.00 hereby fixed and determined to be a reasonable attorney's fee to be paid the plaintiff's attorney for his services in and about this cause.
"4. That the defendant Matthews Phillip Lucco, pay to the defendant, George Cavas, the sum of $19.10 taxed as costs in this cause and deducted from the funds on deposit in the Registry of this Court."
Ordinarily, a great majority of attorneys handling interpleader suits are accustomed to the chancellor's decreeing that the attorney's fees be paid out of the fund brought into Court. It will be noticed by this decree that the defendant, Lucco, is decreed to pay directly to the plaintiff the sum of $150 as attorney's fees, and so the question to be determined is whether it was error to charge the unsuccessful party with plaintiff's attorney's fees in an interpleader action.
Florida law on attorney's fees in interpleader is relatively sparse, and, insofar as we have been able to determine, there is no Florida case directly in point. However, under the facts in the instant case, the plaintiff was a disinterested stakeholder and clearly entitled to an attorney's fee. See Drummond Title Co. v. Weinroth, Fla. 1955, 77 So.2d 606, and Brown v. Marsh, 1929, 98 Fla. 253, 123 So. 762. There is also authority in this state for plaintiff in interpleader to be paid attorney's fees from the fund which he deposits with the court. See Vineberg v. Hardison, Fla. App. 1959, 108 So.2d 922, and Miller v. Gulf Life Ins. Co., 1941, 148 Fla. 1, 3 So.2d 519.
As between claimants the losing party, usually, must bear the costs and attorney's fees. A losing party must bear *463 these items but the primary obligation for their payment is the fund involved. See 48 C.J.S. Interpleader § 50d; 30 Am. Jur., Interpleader, § 28; and 33 C.J., Interpleader, § 65: As a matter of policy, however, and as noted by Judge Marsh in Shrepic v. Metropolitan Life Ins. Co., D.C.W.D.Pa. 1954, 120 F. Supp. 650, these costs are usually difficult to recover from an unsuccessful claimant and it seems unfair to place the burden of collecting them upon the disinterested party who introduced the interpleader. In considering whether or not the chancellor abused his discretion in the instant case, it should be remembered that the buyer, as losing claimant, is ultimately responsible for this cost.
In Central Pipe Line Co. v. Hutson, 1948, 401 Ill. 447, 82 N.E.2d 624, 632, the unsuccessful claimants appealed in an interpleader case and one of the points considered on appeal was whether or not the chancellor erred in taxing costs against the appellants rather than taxing them against the fund. The Supreme Court of Illinois held:
"The appellants complain the lower court taxed the costs against them instead of against the fund involved. Their argument in support is a specious one. To follow it would be tantamount to taxing the costs against appellees who are entitled to the fund."
In Globe Indemnity Co. v. Puget Sound Co., 2 Cir., 1946, 154 F.2d 249, 250, Judge Swan discussed the problem as follows:
"* * * As these authorities show, the plaintiff in interpleader is entitled to costs (usually including a reasonable attorney's fee) to be paid out of the fund brought into court. Puget contends that, while in the first instance the plaintiff's costs are chargeable against the fund, they ought ultimately to be paid by the party whose claim has been adjudged groundless, and whose assertion of the claim necessitated the interpleader and thereby prevented the successful claimant from obtaining the fund undiminished by interpleader costs. This appears to be the accepted English practice. * * * The only federal case in point which has been found is McNamara v. Provident Sav. Life Assur. Soc., 5 Cir., 114 F. 910. Maguire cites nothing in opposition to these authorities but argues that the allowance of costs in interpleader is discretionary. It is true that the imposition of costs in equity is discretionary. * * * But it is a discretion which, in the absence of special circumstances, should be exercised in accordance with the usual practice. * * * The district court's opinion does not disclose what considerations prompted the denial of allowance to Puget of the costs paid out of the fund. In the absence of special circumstances we think this item should have been allowed."
In McNamara v. Provident Sav. Life Assur. Soc., 5 Cir., 114 F. 910, 913, in addition to holding that the chancellor had not abused his discretion, the decision quoted a portion of Chancellor Kent's opinion in Richards v. Salter, 6 Johns, Ch., N.Y., 445, stating:
"* * * The defendant S. is entitled to the fund, subject to the plaintiff's costs; and the other defendants, who have set up a groundless claim, and by that means compelled the plaintiff to resort to his bill of interpleader, and put the defendant S. to the necessity of defending this suit, ought to pay to the defendant S. his costs of this suit, as well as the costs of the plaintiff, which the defendant S. is, in the first instance, obliged to pay out of the fund in court."
As noted above, the general practice in interpleader is for the plaintiff to recover his costs and attorney's fees from the fund and, at the termination of the case, for the unsuccessful claimants to reimburse the fund for these expenses. In the present case this procedure was not followed and the plaintiff's attorney's fee was taxed directly *464 to the appellant. Since the ultimate responsibility for this fee will rest with the appellant, we cannot consider this to be reversible error.
There are several other points which are raised by the plaintiff, which have been studied, but we fail to find any error.
Affirmed.
ALLEN, C.J., and KANNER, J., concur.