OWEN, Chief Judge.
The issue in this case is whether certain funds in a checking account at the garnishee bank were the property of the judgment debtor, Jim James, as alleged by the judgment creditor-garnishor, or were the property of one M. A. James, the eighteen year old daughter of Jim James, as reflected by the records of the garnishee bank.
This was a factual issue. Viewed most favorably to the judgment the evidence established the following: For many years Jim James had been in the business of wholesale buying and selling and leasing used automobiles; in June, 1972, the plaintiff in this case recovered a judgment against him in the amount of $10,010.20; a few months later appellant herein, M. A. James, the eighteen year old daughter of Jim James, ostensibly went into the identical business in which her father had been *400 engaged for many years, under the tutelage and with the assistance of her father who received as compensation only his expenses; the business was started without any working capital but with 10 or 12 automobiles on hand under consignment, and as the vehicles were sold and paid for the profits were placed in a checking account with the garnishee bank under the name of “Leasing Systems”, shown on the bank records as wholely owned Iby M. A. James.
The court, specifically rejecting the testimony of Jim James and M. A. James relative to the question of who, in fact, owned the business, and describing the same as being unworthy of belief and stretching credulity to the “breaking point”, found that the funds in the account were in truth and in fact assets of Jim James and, thus, subject to the writ of garnishment. We find no reason to disturb this factual finding. The judgment is affirmed.
Affirmed.
CROSS and DOWNEY, JJ., concur.