PER CURIAM.
This is an appeal from an order setting aside a jury verdict in a garnishment proceeding. The appellant, B & H Sales, Inc., secured a judgment against Central Florida Water Systems, Inc. Thereafter, a writ of garnishment was issued to Crow, Pope and Land of Florida, Inc. alleging that Crow owed Central Florida sufficient funds to satisfy the judgment. In an amended answer to the garnishment writ Pope admitted the indebtedness. The ap-pellee, Cotton States Mutual Insurance Company, filed a claim pursuant to Section 77.16 of the Florida Statutes, alleging that it had a superior claim to the funds held by Crow. A jury trial was held on Cotton States’ claim which resulted in a verdict in favor of B & H. The trial court then set aside the verdict and entered a judgment for Cotton States. A judgment contrary to a jury verdict may be entered only where no evidence is presented on which the jury could lawfully have returned its verdict. Landry v. Sterling Apartments, Inc., 231 So.2d 225 (Fla. 4th DCA 1969). Here, the disputed issues of fact submitted to the jury concerned the amount and propriety of certain payments made on a construction project. Those issues were submitted to the jury along with proper legal instructions. In his order setting aside the verdict the trial court concluded that only one result could be reached on the basis of the evidence presented. We disagree. The evidence presented consisted largely of the testimony of one witness. On cross examination the testimony of this witness was sufficiently challenged to create a factual dispute on the issues ultimately submitted to the jury. The jury’s verdict is not inconsistent with the proof presented.
Accordingly, the judgment of the trial court is hereby reversed with directions that a judgment be entered in accordance with the verdict of the jury.
REVERSED WITH DIRECTIONS.
DOWNEY, ANSTEAD and DAUKSCH, JJ., concur.