361 So.2d 710 (1978)
UNITED PRESIDENTIAL LIFE INSURANCE CO., Appellant,
v.
Macon M. KING et al., Appellees.
No. 51565.
Supreme Court of Florida.
February 23, 1978.
As Corrected On Denial of Rehearing April 27, 1978.
*711 James E. Clayton, of Clayton, Duncan, Johnston, Quincey, Ireland, Felder & Gadd, Gainesville, for appellant.
J. Michael Davis, of the Law Offices of Lansing J. Roy, Gainesville, for appellees.
HATCHETT, Justice.
Appellant attacks the constitutionality of Sections 77.01 and 77.03, Florida Statutes (1975),[1] asserting that these sections are unconstitutional because they fail to provide a garnishee with prior notice and an opportunity to be heard on the issues of whether or not the garnishee in fact holds wages or other monies owing to the garnishment debtor. In denying the garnishee's motion to dissolve the writ of garnishment, the trial court inherently upheld the constitutionality of these statutes, providing this Court jurisdiction to review the case under Article V, Section 3(b)(1). We hold that these garnishment statutes are constitutional, but remand the cause to the trial court for further proceedings to determine whether appellant is indebted to or holds any monies of the garnishment debtor.
King obtained a judgment against Julius, the judgment debtor, in the sum of $13,247. At the time King obtained this judgment, Julius was a commission agent for United Presidential Life Insurance Company. King filed a motion with the trial court, pursuant to Section 77.03, Florida Statutes (1975), for the issuance of a writ of garnishment against United. The writ of garnishment was issued commanding United to respond as to whether it was indebted to Julius, and, if so, in what amount. The writ was served upon the State Insurance Commissioner, pursuant to Section 624.422, Florida Statutes (1975).[2] This statute requires that every insurance company authorized to transact insurance business in this state designate an agent to whom the Insurance Commissioner can forward notice of process. The designated agent for United in Florida was Julius, the judgment debtor. Notice of the writ of garnishment was forwarded to Julius by the Insurance Commissioner. However, Julius failed to notify United of the writ of garnishment, and the garnishee did not receive actual notice until after a default and final judgment for the full amount of the debt, owed by Julius to King, was entered against it.
After learning of the default and final judgment, United filed a complaint to dissolve the writ of garnishment and to set aside the final judgment on the grounds that: (1) notice of process was improperly served; (2) notice to the judgment debtor, Julius, did not constitute notice to United because of a clear conflict of their interests; *712 (3) United was not indebted to Julius in any amount; (4) the postjudgment garnishment procedure outlined in the statutes is an unconstitutional deprivation of due process because it permits issuance of a writ of garnishment without prior notice to the debtor and without opportunity for the debtor to contest the validity of the garnishment or assert exemptions to which he may be entitled. United attached to its motion an assignment of all of Julius's interest in his future commissions to a Gainesville bank. This assignment of commissions took place before the final judgment was entered against Julius in favor of King. The trial court, without expressing any reasons therefor, denied United's motion to dissolve the writ of garnishment and to set aside the final judgment.
In Unique Caterer's Inc. v. Rudy's Farm Co., 338 So.2d 1067, 1071 (Fla. 1976), we held unconstitutional the prejudgment attachment statute, stating:
The commercial law of this State must keep up with the concepts of procedural due process as they are refined by the United States Supreme Court. The interests of those whose property may be mistakenly attached are entitled to as much protection as possible without defeating the interests of creditors.
United argues that the garnishment statute is unconstitutional for the same reasons that we found the attachment statute unconstitutional in Unique Caterers, because the present statute: (1) does not require a sworn affidavit that there exists a debt owed by the garnishee to the judgment debtor, or that the garnishee has property owing to the judgment debtor; (2) does not require action by a judicial officer, but instead permits the clerk of a court to issue a writ based upon an unverified motion; (3) denies a debtor the opportunity to assert his statutory and constitutional exemptions.
We find the principles set forth in Unique Caterers to be inapplicable in the present case. The garnishment statutes involved here set forth a procedure to satisfy a debt only after liability has been judicially determined. A judgment debtor has received notice and an opportunity to be heard prior to the entry of the judgment itself. Further, the garnishee under these statutes is provided with notice and an opportunity to be heard. The fact that a motion for writ of garnishment is not required to allege a debt is owed between the garnishee and the judgment debtor, or that the garnishee holds property of the judgment debtor, in no way affects the rights of the garnishee. The garnishee may respond to the allegations and assert any defenses available. The present statutory procedure was apparently designed so as to allow judgment creditors to file unverified motions as an expeditious method of discovering information from employers and financial institutions as to any possible assets belonging to a judgment debtor which may be obtained to satisfy the judgment.[3]
The constitutional validity of prejudgment and postjudgment garnishment procedures had been examined by the federal courts. In Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), the United States Supreme Court held that due process requires notice and a hearing as to the validity of the underlying debt prior to garnishment of wages. In the present case, the validity of the underlying claim was already established by the court.
The federal circuit court in Brown v. Liberty Loan Corp. of Duval, 539 F.2d 1355 (5th Cir.1976), recently upheld the constitutionality of Sections 77.01 and 77.03, Florida Statutes. There, the circuit court quashed the district court's opinion which had held these statutes unconstitutional for their *713 failure to provide for notice to the judgment debtor and a hearing as to any possible statutory exemptions, stating:
The district court's analysis, however, does not weigh all of the pertinent interests. For instance, it does not consider the state's interest in facilitating the enforcement of judgments obtained in its courts or the creditor's interest in satisfying a judgment from a debtor's assets. Given proper weight, those interests appear to outweigh the debtor's interest. We hold therefore that due process of law does not require notice and an opportunity for a hearing on entitlement to the exemption before wages are garnished in accordance with Florida law. Brown supra, 539 F.2d at 1363.
We agree that there is a vast distinction between prejudgment and post judgment garnishment. Postjudgment garnishment does not involve the freezing of debtor assets pending adjudication as to the validity of the underlying debt. Instead, it merely provides a procedure for the enforcement of the judgment against those assets. Therefore, we hold that neither due process under the Fourteenth Amendment of the United States Constitution nor any provision of the Florida Constitution requires prior notice to a judgment debtor and a hearing before a writ of garnishment may issue.
The disturbing result in the present case arises from the fact that United had a final judgment entered against it for over $13,000 without any notice or hearing because Julius, the judgment debtor, was also resident agent for United and did not forward the notice of process to his principal. United argues that the final judgment should be held invalid and set aside on the grounds that there was insufficient service of process to the garnishee. Although it may indeed be true that the facts appearing on the face of the record show an apparent conflict between the garnishee and its resident agent, we reject the argument that this is a sufficient ground to render the final judgment void. Service of process was properly made in accordance with law. King, the judgment creditor, had no alternative under the state statutory scheme other than to serve the State Insurance Commissioner with process, who then properly forwarded such notice to the designated resident agent. United chose its resident agent, and had the responsibility and ability to monitor his activities so as to insure that it would receive all notices and services of process.
We do find, however, that the trial judge abused his discretion in refusing to set aside the final judgment and dissolve the default under the particular facts of this case. When faced with a situation where a garnishee has defaulted because of failure to receive notice, trial judges should keep in mind that the garnishee is not an original debtor. Judgment creditors derive their right to proceed against a garnishee only by virtue of the fact that the garnishee holds money or property owed to the judgment debtor. Trial judges should exercise their discretion in such a way as to insure that the judgment creditor receives no greater rights against a garnishee than would have been available to the judgment debtor in a proceeding against the garnishee. Reeves v. Don L. Tullis and Assoc., Inc., 305 So.2d 813 (Fla. 1st DCA 1975). In the present case, the garnishee clearly did not have actual notice of the proceedings against it. When the trial judge was presented with facts which made it appear inequitable to enforce the final judgment against the garnishee, he should have exercised his discretion and set aside the final judgment pursuant to Fla.R.Civ.P. 1.540.
Accordingly, we hold Sections 77.01 and 77.03, Florida Statutes, to be constitutional and remand with directions to the trial court to dissolve the default, set aside the final judgment, allow United to answer, and proceed in accordance with this opinion.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND, SUNDBERG, and KARL, JJ., concur.
NOTES
[1] Section 77.01, Fla. Stat. (1975) provides:

Every person who has sued to recover a debt or has recovered judgment in any court against any person, natural or corporate, has a right to a writ of garnishment, in the manner hereinafter provided, to subject any debt due to defendant by a third person, and any tangible or intangible personal property of defendant in the possession or control of a third person. The officers, agents and employees of any companies or corporations are third persons in regard to the companies or corporations, and as such are subject to garnishment after judgment against the companies or corporations.
Section 77.03, Fla. Stat. (1975) provides:
After judgment has been obtained against defendant but before the writ of garnishment is issued, the plaintiff, his agent or attorney, shall file a motion (which shall not be verified or negative defendant's exemptions) stating the amount of the judgment and that movant does not believe that defendant has in his possession visible property on which a levy can be made sufficient to satisfy the judgment. The motion may be filed and the writ issued either before or after the return of execution.
[2] Section 624.422, Fla. Stat. (1975) provides in pertinent part:

(2) At the time of such appointment of the insurance commissioner and treasurer as its process agent the insurer shall file with the department designation of the name and address of the person to whom process against it served upon the insurance commissioner and treasurer is to be forwarded. The insurer may change the designation at any time by a new filing.
(3) Service of process upon the insurance commissioner and treasurer as the insurer's attorney pursuant to such an appointment shall be the sole method of service of process upon an authorized domestic, foreign or alien insurer in this state.
[3] Section 77.04, Fla. Stat. (1975) provides:

The writ shall require the garnishee to serve an answer to it on plaintiff within 20 days after service stating whether he is indebted to defendant at the time of the answer, or was indebted at the time of service of the writ, or at any time between such times; and in what sum and what tangible or intangible personal property of defendant he has in his possession or control at the time of his answer, or had at the time of the service of the writ, or at any time between such times; and whether he knows of any other person indebted to defendant, or who may have any of the property of defendant in his possession or control. The writ shall state the amount named in plaintiff's motion.