380 So.2d 529 (1980)
NATIONAL CAR RENTAL SYSTEMS, INC., Appellant/Cross-Appellee,
v.
BRUCE A. RYALS ENTERPRISES, INC., et al., Appellee, and
H.L. McNorton, Appellee/Cross-Appellant.
No. 78-1038/T4-109.
District Court of Appeal of Florida, Fifth District.
February 27, 1980.
Bernard C. O'Neill, Jr., of O'Neill, Dyer, Bogner & Larsen, Orlando, for appellant-cross-appellee.
David B. King, of Peed & King, Orlando, for appellee-cross-appellant.
COBB, Judge.
National Car Rental Systems, Inc., brings this appeal from a final judgment dissolving a writ of garnishment. Cross-appellant McNorton appeals an earlier order denying the motion of McNorton to abate or dissolve the writ of garnishment. National Car Rental contends that the trial court erred in directing a verdict in favor of McNorton.
National Car Rental obtained a final money judgment against Bruce A. Ryals, individually, Ryals Pontiac-Buick, Inc., and Bruce A. Ryals Enterprises, Inc., in December of 1971. In 1976, 5-A Auto Parts, Inc., was added to the judgment, after the court entered an order finding that 5-A Auto Parts, Inc., was the alter-ego of Bruce A. Ryals. At that time, a receiver was appointed to operate 5-A Auto Parts, Inc.
*530 On April 26, 1977, in one of its numerous efforts to collect the 1971 judgment from Ryals, National Car Rental filed a motion for writ of garnishment against Ryals and his enterprises, or by and through their agent or alter-ego, H.L. McNorton. The motion suggested ComBank/Pinecastle as the garnishee. On the same date, pursuant to the motion, a writ of garnishment was issued by the Clerk of the Circuit Court and served on ComBank/Pinecastle. Com-Bank's answer stated that it was not indebted to Ryals or his enterprises, but was indebted to H.L. McNorton in the amount of $28,270.88. Appellee/cross-appellant, H.L. McNorton, who was not a party to the pending litigation in which the writ of garnishment was filed, filed a motion to abate and/or dissolve the writ of garnishment, plus an affidavit in support of his claim to the garnished property. McNorton's motion was heard in late June, again in late September, and denied in early October of 1977. McNorton filed an answer to the writ of garnishment in late October, asserting that the money in the ComBank account was his sole and exclusive property, and sought an order returning the funds. After a five-day jury trial, the circuit court granted McNorton's motion for directed verdict and stated:
I find that there is ample evidence that Bruce Ryals has in the past worked with and through others to defeat or hinder his lawful creditors; there is ample evidence that the defendant, McNorton, has in the past on a number of occasions cooperated with Ryals in these efforts; that there is evidence that in the present instance Ryals was making such efforts, and McNorton was again cooperating with Ryals. But I find that there was no evidence that any of the funds in the bank account here involved were owned by Ryals, and I will accordingly grant the motion for directed verdict.
As for the specific account in question, the uncontroverted evidence was clear that the source of the funds was McNorton, not Ryals. Whatever fraudulent machinations may have been engaged in previously, or contemplated, by McNorton and Ryals, Ryals had no right to claim the $28,270.88 as against McNorton and ComBank/Pinecastle as of April 26, 1977.
The leading Florida case on the point in question is Howe v. Hyer, 36 Fla. 12, 17 So. 925 (1895), where the court stated:
The rights of the plaintiffs against the garnishee are not greater than those of the defendant. The garnishee is not, by service of the writ, to be placed in any worse condition than if the defendant, his creditor, had brought suit upon the claim which is garnished. As to the garnishee, the plaintiffs take the shoes of the defendant, the principal debtor, and can assert only the rights of the latter.
The rule has been restated recently by the Florida Supreme Court in United Presidential Life Ins. Co. v. King, 361 So.2d 710, 713 (Fla. 1978). See also, Reeves v. Don L. Tullis & Assoc., Inc., 305 So.2d 813 (Fla. 1st DCA 1975).
Although a transfer of funds from a judgment debtor to a third party may be valid as against the judgment debtor, the creditor may assert its impropriety and reach that fund by garnishment. Florida law permits a judgment creditor to use garnishment to retrieve the fruits of a fraudulent transfer. See Standard Accident Ins. Co. v. Hancock, 124 Fla. 725, 169 So. 617 (1936); Greenfield v. Valley Forge Center Co., 229 So.2d 875 (Fla. 3d DCA 1969). However, the garnishor must prove that it is the property of the debtor which was fraudulently transferred.
In this case, the trial court was correct in granting McNorton's motion for directed verdict and entering final judgment dissolving the writ of garnishment.[1] Viewing *531 the evidence in the light most favorable to National Car Rental, we agree with the trial court that there was no evidence that property of the debtor Ryals was transferred to the account of McNorton, there was no evidence that the judgment debtor Ryals, into whose shoes the garnishor, National Car Rental, would have stepped, could have successfully exerted a claim against the personal funds of McNorton in the ComBank account. Even though a third party may aid a judgment debtor to defraud a creditor, that alone does not subject the third party's personal bank account to garnishment by the creditor. The cases cited by appellant are distinguishable, and involve fact situations where the source of the funds could be traced to the judgment debtor. In James v. Commercial Bank at Apopka, 310 So.2d 399 (Fla. 4th DCA 1975), the garnishee was the daughter of the judgment debtor, and had set up a business identical to her father's prior business, with the assistance of her father. The court found the new business to be owned by the father, and funds generated by the new business were the funds placed in the business account nominally the daughter's; therefore, the funds were subject to garnishment. In B & H Sales, Inc. v. Jewel Builders, Inc., 353 So.2d 653 (Fla. 4th DCA 1977), the garnishee admitted owing money to the judgment debtor. There was no question as to the judgment debtor's right to the funds, just a question concerning who had a superior right.
Our disposition of the directed verdict issue in favor of McNorton renders the issue of the propriety of the circuit court's prior order denying McNorton's motion to dissolve moot. Cf., Hamilton v. Hanks, 309 So.2d 229 (Fla. 4th DCA 1975). We note, however, that the post-judgment portion of Florida's garnishment statute[2] has been held constitutional. United Presidential Life Ins. Co. v. King, supra.
Accordingly, the final judgment dissolving the writ of garnishment is AFFIRMED.
CROSS and ORFINGER, JJ., concur.
NOTES
[1] On a defendant's Fla.R.Civ.P. 1.480 motion for directed verdict, the trial court is to view the evidence in the light most favorable to the plaintiff, and the court must be convinced that there is no evidence upon which the jury could find for the adverse party. E.g., Hernandez v. Motrico, Inc., 370 So.2d 836 (Fla. 3d DCA 1979); Budgen v. Brady, 103 So.2d 672, 674 (Fla. 1st DCA 1958).
[2] §§ 77.01, 77.03 Fla. Stat. (1975).