LETTS, Associate Judge.
This appeal involves two lawyers competing for fees owed to them by the same corporate client. The attorney who was the successful recipient of the summary judgment below, had reduced his claim to a final judgment as long ago as 1978. The other lawyer became entitled to his fee as a result of a $50,000 award of attorney’s fees in 1988 to the same corporation under section 627.428, Florida Statutes (1987). This latter award, which arose out of litigation totally unrelated to the representation in 1978, was paid by cheek to the corporation which had successfully sued its insurance company under the above-quoted statute. However, before the 1988 attorney’s fee award could be turned over to the lawyer who had earned it under section 627.428, the lawyer holding the 1978 judgment garnished the $50,000 up to the amount of his judgment and the trial court upheld that garnishment. We reverse.
Basically, the lawyer with the 1978 judgment argues that in accordance with the statutory language, the award of attorney’s fees was “in favor of the insured” and that his judgment against the corporation took precedence because it had been outstanding for over 10 years. We disagree.
It is true that section 627.428 provides for a fee “in favor of the insured,” but the section clearly directs that the award is given as fees to the insured’s attorney for successfully “prosecuting the suit in which the recovery [was] had.” This being so, while we have sympathy for the attorney who has gone unpaid for over 10 years, there is no way that intervening creditors can siphon off part of an attorney’s fee awarded under this statutory scheme. As Chief Judge Schwartz noted in Ginsberg v. Goldstein, 404 So.2d 1098, 1099 (Fla. 3d DCA 1981), since a garnishment plaintiff can do no better than stand in the shoes of a judgment debtor, “property which is not actually and in ‘good conscience’ deemed to be owned by the debtor may not be secured by the judgment creditor.” In all good conscience, the corporation, under the facts of this case, does not own this attorney’s fee and is, at best, merely a conduit, bound to hand the fee over to its legal representative in accordance with the statute.
Accordingly, this cause is reversed and remanded for the entry of a summary judgment in favor of the appellant.
Reversed and remanded.