Verone Marin FEHLHABER, Plaintiff–Appellant,

*v.*

Robert Fred FEHLHABER, as the Personal Representative of the Estate of Fred Robert Fehlhaber, et al., Defendants,

Sun Bank/Miami, N.A., Defendant–Appellee.

No. 90–5186.

United States Court of Appeals, Eleventh Circuit.

Sept. 18, 1991.

Herbert Stettin, Miami, Fla., for Fehlhaber.

A. Rodger Traynor, Jr., Miami, Fla., for Sun Bank.

Before HATCHETT and BIRCH, Circuit Judges, and RONEY, Senior Circuit Judge.

PER CURIAM:

The plaintiff, Verone M. Fehlhaber, appeals from the district court's summary judgment against her on her garnishment claim against the defendant Sun Bank of Miami. Plaintiff claims defendant improperly released certain garnished assets to her husband. We affirm on the ground that plaintiff suffered no damages because she has now received all of the garnished assets.

In a California divorce proceeding, plaintiff received an award of approximately $10,000,000 against her husband, Fred R. Fehlhaber, as her share of the couple's marital property. She then sought enforcement of the judgment in the United States District Court for the Southern District of Florida, under the full faith and credit provisions of the Constitution. That court affirmed the award in March of 1979, but stayed its judgment conditioned upon the defendant posting a supersedeas bond in the amount of $1,500,000.

In November 1979, the plaintiff served a writ of garnishment on Sun Bank requesting an accounting of all assets held by Fred R. Fehlhaber. Initially, the bank maintained that it held only two joint deposit accounts for Mr. Fehlhaber and his new wife. Plaintiff filed a second writ and traverse to the bank's response on December 20, 1979. In response to these inquisitions, the bank admitted that it held certain trust assets for the benefit of Mr. Fehlhaber totaling over $1,000,000. These assets were eventually released to either Mr. Fehlhaber himself or to the trustee and were then deposited into the registry of the court as part of the supersedeas bond.

Woodrow M. Melvin, Jr., Ruden, Barnett, McClosky, Smith, Schuster & Russell, PC, Miami, Fla., for plaintiff-appellant.

On appeal, this Court affirmed the district court's decision, but reduced the cash equalization value from $10,000,000 to $7,500,000. *Fehlhaber v. Fehlhaber*, 681 F.2d 1015 (5th Cir. Unit B 1982), *cert. denied*, 464 U.S. 818, 104 S.Ct. 79, 78 L.Ed.2d 90 (1983). Plaintiff then attempted to collect portions of the judgment based on the separate writs of garnishment that had been filed in 1979 against the trustee of the Fred R. Fehlhaber Trust and Sun Bank. The district court dissolved the writs in May of 1986 holding that the judgment debtor's assets held in trust could not be reached through garnishment procedures. This Court reversed finding that the trust assets could be garnished when the judgment debtor is both the settlor and sole beneficiary of the trust. *Fehlhaber v. Fehlhaber*, 850 F.2d 1453, 1454 (11th Cir. 1988).

The district court on remand awarded plaintiff all amounts then held in the court registry but granted summary judgment to the bank on plaintiff's claim that the bank was liable for releasing assets which were subject to the writ of garnishment. Plaintiff now appeals the district court's grant of summary judgment to the bank.[1]

█  Plaintiff asserts that Sun Bank violated its obligation under the writ of garnishment by releasing the funds it held for the trust either directly to the judgment debtor, Fred Fehlhaber, or to the trustee. The district court gave two alternative reasons for holding that Sun Bank was not liable to plaintiff for releasing assets held for the trustee of Fred Fehlhaber. First, it held that the bank was not liable for making an error as to law that was not established until the Eleventh Circuit's decision on the prior appeal. *Fehlhaber v. Fehlhaber*, 850 F.2d 1453 (11th Cir.1988). This Court is divided on the validity of that

decision, and since a favorable decision on that point would not aid the appellant, we do not address it.

█  The appellee does not really argue this first ground for decision in its appellate brief. Rather the bank initially argues that it cannot be held liable because it held none of the assets of Fred Fehlhaber, but instead held the assets of the trustee who had legal title to the funds. Accordingly, the bank suggests that a writ of garnishment against a beneficiary can have no effect on a financial institution which holds assets for the trustee. Despite the bank's attempts to distinguish our prior holding in *Fehlhaber I*, that opinion clearly states that the writ of garnishment is effective against the equitable owner not the legal owner of the assets. *Fehlhaber*, 850 F.2d at 1456. In that case, we reversed the dissolution of the writs as to both the trustee and the bank. If the bank had not been subject to garnishment for the reason now argued, the judgment of the district court discharging the garnishment would have been affirmed. This panel is bound by the prior decision of this Court. A financial institution which is aware of the nature of the relationship must freeze and hold all assets to which the judgment debtor has not only a legal but equitable interest. *See also Ginsberg v. Goldstein*, 404 So.2d 1098, 1100 (Fla.Dist.Ct.App.1981) (garnishment attaches to real not legal owner of bank accounts); *James v. Commercial Bank at Apopka*, 310 So.2d 399, 400 (Fla.Dist.Ct. App.1975) (same). The bank, therefore, clearly violated the obligations imposed by the writ of garnishment.

The *second* holding of the district court was that "Verone was not damaged in any way by the bank's release of the trust assets to the court registry." There could

---

1. This Court *sua sponte* initially raised a jurisdictional issue concerning the finality of the decision. When the order granting summary judgment to the bank was first entered, there was no final judgment against the trustee. *See* Fed.R.Civ.P. 54(b). Since that time, however, the district court has granted plaintiff's motion for summary judgment against the trustee, all issues are now settled, and the parties correctly agree that jurisdiction of this appeal is appropri-

ate. Under the circumstances of this case, the premature notice of appeal was validated by the subsequent final order from the district court. *Robinson v. Tanner*, 798 F.2d 1378, 1382 (11th Cir.1986), (discussing circumstances under which a premature notice of appeal may be cured by a subsequent judgment), *cert. denied*, 481 U.S. 1039, 107 S.Ct. 1979, 95 L.Ed.2d 819 (1987).

be damage because of the delay in receiving the garnished monies, but the funds on deposit in the court registry accumulated interest which the plaintiff received. We affirm the summary judgment for Sun Bank on the basis of this decision.

■ Under Florida law a garnishee is liable to a judgment creditor only to the extent the judgment creditor suffers damages from the garnishee's failure to honor its statutory obligation. *See Sun Bank v. Bisbee–Baldwin Ins. Co.,* 559 So.2d 351, 352 (Fla.Dist.Ct.App.1990) (bank which fails to garnish all assets of debtor is negligent and is liable to creditor for damages sustained); *Carpenter v. Benson,* 478 So.2d 353–54 (Fla.Dist.Ct.App.1985) (judgment creditor receives no greater rights against garnishee than he had against judgment debtor, any greater liability would violate garnishee's due process rights), *review denied,* 488 So.2d 829 (Fla. 1986); *Ginsberg,* 404 So.2d at 1099 (in suit against garnishee, garnishor merely steps into shoes of judgment debtor). If the judgment creditor eventually receives the funds to which it was entitled, then there is no basis for requesting compensation from the garnishee. Fla.Stat.Ann. § 77.083 (garnishee not liable for any amount over that owed by the garnishee to the judgment debtor).

■ When he appealed the initial money judgment entered against him, Fred Fehlhaber sought a stay of execution without posting a supersedeas bond. The district court noted that he had a net worth of some $600,000, but that he was the grantor and sole beneficiary of the trust having a market value of $1,180,336.62. On the basis of these assets, the district court set the supersedeas bond for a stay of execution at $1,500,000. The bond was then submitted listing as security substantially all of the assets from the trust and other stocks valued at $598,000, making the total collateral $1,698,000. The district court accepted the approved bond "conditioned upon the deposit with the Clerk of this Court by the defendant of the securities listed". As she continued to win her litigation, the collateral securities were sold in May 1984 and she was paid the face amount of the bond, $1,500,000. In the order here appealed, the district court awarded to plaintiff the sale proceeds in excess of the bond's face value, which had been deposited in an interest bearing account by the Clerk of Court.

From this record, it appears clear that had the district court not taken into consideration the trust assets, the supersedeas bond would have been reduced by the value of the assets in trust. By the court's including those assets, the plaintiff has now received all of the assets that she would have received had the bond been reduced and had the bank properly responded to the writ of garnishment and turned those funds over to her directly.

Apparently only ninety-five per cent of the trust assets were deposited with the court. The other five per cent was delivered back to the trustee who was accountable for those assets to plaintiff under the writ of garnishment served upon the trustee. Apparently this was stock in the Fehlhaber Corporation, which was eventually repurchased by the trustee from plaintiff for $1,000,000. Thus, all of the assets held by the bank for the trustee for Fred Fehlhaber when the writ was served in 1979 have been received by plaintiff.

This record supports the district court's decision that Sun Bank was entitled to summary judgment on the ground that plaintiff had suffered no damage as a result of the Bank's failure to properly respond to the writ of garnishment and releasing from its custody the assets of the trust.

AFFIRMED.