HUGHES SUPPLY, INC., Plaintiff,

v.

A.C. ELECTRIC CORPORATION OF LEE COUNTY and Joseph M. Mazurkiewicz, Jr., Defendants,

and

E.D.W., Inc., Implead Third Party Defendant,

and

C.E.S. Industries, Inc., American Legion Post No. 90, United States of America, Internal Revenue Service, Fountain Fire Extinguisher Sales & Service, Inc., Fourth Party Defendants.

No. 92–116–CIV–FTM–17D.

United States District Court, M.D. Florida, Fort Myers Division.

Jan. 11, 1993.

Robert Barry Burandt, Aloia, Dudley, Roosa, Sutton & McIver, Cape Coral, FL, for Hughes Supply Inc.

Barry Reed Hillmyer, Ft. Myers, FL, for Fountain Fire Extinguisher Sales & Service, Inc.

Timothy R. Moorhead, Wright, Fulford & Moorhead, Orlando, FL, for C.E.S. Industries.

Philip L. Burnett, Philip L. Burnett, P.A., Fort Myers, FL, Morris B. Fox, Cape Coral, FL, for American Legion Post No. 90.

Whitney L. Schmidt, U.S. Attorney's Office, M.D. of Florida, Tampa, FL, Bruce T. Russell, U.S. Dept. of Justice, Trial Atty., Tax Div., Washington, DC, for U.S. and I.R.S.

Leigh M. Fisher, Law Office of Leigh M. Fisher, Cape Coral, FL, for E.D.W. INC.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND ATTORNEY'S FEES

KOVACHEVICH, District Judge.

Plaintiff, Hughes Supply, Inc. ("Hughes"), initiated this litigation against the defendants A.C. Electric Corporation of Lee County ("A.C. Electric") and Joe M. Mazurkiewicz, Jr. in order to collect on a judgment entered against the defendants on June 18, 1991, in the amount of $18,033.48 plus interest. Plaintiff, Hughes, subsequently implead the defendant, E.D.W., Inc. ("E.D.W") pursuant to § 56.29, Fla.Stat., proceedings supplementary. Plaintiff claims that E.D.W. is liable for either the full amount of the judgment or in the alternative, liable to the Plaintiff for funds in E.D.W.'s possession which rightfully belong to the defendants, A.C. Electric and/or Joe M. Mazurkiewicz. The implead defendant, E.D.W. then filed a Fourth Party Complaint and Counterclaim for Interpleader, suing as "fourth party" defendants, C.E.S. Industries, Inc. ("C.E.S"), Fountain Fire Extinguisher Sales & Service, Inc. ("Fountain Fire"), the Unit-

ed States of America, the Internal Revenue Service ("IRS"), and American Legion Post No. 90 ("American Legion").

E.D.W., as general contractor, and American Legion in Cape Coral, Florida, the owner of the site, entered into a construction contract to construct or remodel an exhibition hall. E.D.W. alleges that A.C. Electric did not fully comply with the terms of the subcontract and in fact breached the subcontract by failing to pay its materialmen and suppliers.

E.D.W.'s Fourth Party Complaint and Counterclaim for Interpleader avers that E.D.W. entered into an oral contract on or about August 1, 1991, due to A.C. Electric's inability to obtain the materials and supplies necessary to complete the electrical work pursuant to the original contract. (DeCarufel Aff. ¶ 5.) Consequently, a change order was presented by A.C. Electric deducting $10,000.00 from the original contract price of $74,505.00. The revised contract amount, according to Change Order number two (# 2), was for $68,705.00 and was signed by Joseph M. Mazurkiewicz. (Fourth Party Compl. ¶ 3; *see also* Ex. B.)

Furthermore, E.D.W. alleges that because A.C. Electric was unable to purchase the materials and supplies, it was necessary for E.D.W. to purchase all materials and supplies directly from C.E.S. Industries. As a result, it was agreed that the cost of materials and supplies be deducted from any amount due to the electrical contractor, A.C. Electric, and paid directly to C.E.S. Industries by the general contractor, E.D.W. (Third Party Implead Def.['s] Mem.Supp.Summ.J at 4; *see also* DeCarufel Aff. ¶ 6, Wolfe Aff. ¶ 6.) The cost of materials and supplies sold directly to E.D.W. totalled approximately $44,253.46. (Wolfe Aff. ¶ 8, DeCarufel Aff. ¶ 7.) Additional expenses were also paid in the amount of $3,806.75, in order to complete the contract, to the following parties: George Beatty, All–Phase, Scaffold Rental and Security. (Wolfe Aff. ¶ 10.) Finally, a payment of $10,058.17 was made to A.C. Electric for labor supplied on the job site. (Wolfe Aff. ¶ 9.) Thus, E.D.W. contends

that it has expended all sums due under the subcontract except for the sum of $10,-586.92.

On August 5, 1991, the Plaintiff filed a writ of garnishment against E.D.W., as garnishee, claiming that A.C. Electric owed Hughes $19,337.30 as of that date. C.E.S. Industries also filed a writ of garnishment against E.D.W. on November 18, 1991, and this writ was served on or about December 24, 1991.

Because of competing claims to the $10,-586.62 held by E.D.W., and being unsure who should receive the funds, E.D.W. filed an action in Interpleader to determine who should receive the funds. The action was then removed to this Court's jurisdiction. E.D.W. then deposited the $10,586.92 into the registry of the Court on or about June 16, 1992, as authorized by the Federal Rules of Civil Procedure and under 28 U.S.C. § 1335(a). C.E.S. has since abandoned its claim to the implead funds; however two competing claims still exist. The claims left before the Court include an IRS levy upon E.D.W. in connection with the employment tax liabilities of A.C. Electric in the amount of $61,275.22, and a Claim of Lien in the amount of $9,820.00 recorded and filed by Fountain Fire. Both E.D.W. and Fountain Fire have filed motions for summary judgment.

### THE STANDARD

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. The Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant,* 595 F.2d 994, 996–97 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.,* 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986):

In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2552.

The Court also said, "Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Celotex Corp.,* at 324, 106 S.Ct. at 2553.

### E.D.W.'S MOTION FOR SUMMARY JUDGMENT

■ Plaintiff, the garnishor, contends that the $44.253.46 paid to C.E.S. industries should have been paid to A.C. Electric and/or Joseph M. Mazurkiewicz, rather than C.E.S., and that the total amount due was $74,505.00 under the original contract. Plaintiff also alleges that if there was an oral modification to the contract on or about August 1, 1991, then a dispute exists as to whether the original, written contract or the oral, modified contract controlled the agreement between the parties. Furthermore, the terms of the oral, modified contract resulting from A.C. Electric's inability to perform are issues of fact which have yet to be resolved by the trier of fact. The Court agrees.

Generally, by a garnishment proceeding the garnishor [Hughes], who is a creditor of the primary debtor [A.C. Electric], sues a third party garnishee [E.D.W] seeking to use assets of the primary debtor to satisfy the garnishor's claim against the primary debtor. The garnishment statute applies to a "debt due" from the garnishee to the primary debtor or to "tangible or intangible property" of the primary debtor which is in the hands of the garnishee. *Matter of Armando Gerstel, Inc.,* 43 B.R. 925 (Bankr.S.D.Fl.1984) (quoting Fla.Stat. § 77.01).

Under Florida law, which governs in the instant case, garnishment does not create an immediate lien in the garnishor's favor but rather is a statutory proceeding of an equitable nature by which the garnishor is subrogated to the primary debtor's right against the garnishee. *Id.* at 932. In other words, the garnishor stands in the shoes of the primary debtor, defendant and can assert only the rights of the latter. *Howe v. Hyer*, 36 Fla. 12, 17 So. 925, 928 (1895); *Reeves v. Don L. Tullis & Associates, Inc.*, 305 So.2d 813, 816 (Fla. 5th D.C.A. 1975); *National Car Rental Systems, Inc. v. Bruce A. Ryals Enterprises, Inc.*, 380 So.2d 529, 530 (Fla. 5th D.C.A. 1980); *See also Fehlhaber v. Fehlhaber*, 941 F.2d 1484 (11th Cir.1991). On the other hand, the garnishee may properly avail himself of all claims fairly arising out of contracts with the principal debtor which were in existence when the attachment was commenced and under or out of which his claim against the principal debtor arises. *Howe*, 17 So. at 928.

Defendant relies on the cases of *Ginsberg v. Goldstein*, 404 So.2d 1098 (Fla. 3d D.C.A. 1981), and *Edward F. Gerace, P.A. v. Hayden*, 550 So.2d 1143 (Fla. 3d D.C.A. 1989), stating that garnishments attach only to sums owed to the debtor, not sums owed to third parties. (Def.['s] Br. Supp.Mot.Summ.J. at 3.) Generally, E.D.W. maintains that the oral modification of the original contract was necessary because A.C. Electric could not purchase the materials and supplies necessary to complete the American Legion construction project. In particular, C.E.S. refused to extend credit to A.C. Electric in order to purchase the supplies and materials necessary for the American Legion construction project. (DeCarufel Aff. ¶ 5; Mazurkiewicz Dep. at 31–2.) Thus, A.C. Electric was unable to perform part of the original contract with E.D.W. and thereby breached the original contract. As a result, the parties agreed that E.D.W. would make payments directly to C.E.S. for materials and supplies.

*Ginsberg* reiterates the rule that property which is not actually in good conscience deemed to be owned by the debtor may not be secured by judgment creditor. *Id.* at 1099. The depositions and affidavits submitted by both parties have left in question the agreement and terms of the controlling contract between A.C. Electric and E.D.W. The Court only has before it the change order number two (#2), supposedly evidencing the oral modified contract between E.D.W., A.C. Electric, and C.E.S. This "contract" merely states that the total revised contract amount is for $68,705.00 and is signed by Joseph M. Mazurkiewicz. Besides the change order, the Court has the affidavits of Eugene Wolfe, Sr., President of E.D.W. and Dan DeCarufel, manager of the Ft. Myers, Florida office of C.E.S., attesting to the oral modification of the original contract. Plaintiff has submitted the deposition of Joseph M. Mazurkiewicz which states that after a conversation with Eugene Wolfe about the garnishment notice by Hughes, A.C. Electric decided not to bill for work completed until the garnishment was settled or the job was completed. (Mazurkiewicz Dep. at 32–3.) From this testimony, it could be that money other than the $10,586.92 deposited by E.D.W. in the court's registry may have in good conscience belonged to A.C. Electric at the time of the writ of garnishment(s). Plaintiff therefore has only asserted such rights as could have been asserted against the garnishee by the defendant.

Additionally, Plaintiff has cited the case of *Mission Bay Campland, Inc. v. Sumner Financial Corp.*, 71 F.R.D. 432 (M.D.Fl.1976), in support of the contention that the garnishee, E.D.W. has fraudulently withheld funds rightfully belonging to the debtor, A.C. Electric. Plaintiff has alleged that the payments made to C.E.S., rather than A.C. Electric, were improper payments made in violation of the writ of garnishment. (Pl.['s] Resp.Mot.Summ.J. at 6.) According to *Mission Bay Campland*, the burden of proof rests upon the judgment creditor to prove his claim to have judgment entered against the impled third parties, as if it had been entered against them personally in the original final judgment. *Id.* at 435 (citing *Riley v. Fatt*, 47 So.2d 769, 773 (Fla.1950)).

Defendant has responded that Plaintiff, Hughes, has failed to properly allege the elements of fraud or conspiracy citing *Steigman v. Danese,* 502 So.2d 463 (Fla. 1st D.C.A. 1987) and *St. Paul Fire & Marine Ins. Co. v. Icard, Merrill, Cullis & Timm, P.A.,* 196 So.2d 219 (Fla. 2d D.C.A. 1967). Although the Court is aware that according to Rule 9(b), Fed.R.Civ.P. fraud must be alleged with particularity, the Court does not have before it either Plaintiff's original or amended complaints and therefore may not properly consider E.D.W.'s motion for summary judgment on the elements of fraud.[1] Consequently, E.D.W.'s motion for summary judgment is denied.

### E.D.W.'s MOTION FOR ATTORNEY'S FEES

■ E.D.W. contends that under Florida Law it is entitled to an allowance for attorney's fees out of the $10,586.92 fund deposited into the registry of this Court pursuant to 28 U.S.C. § 1335(a).[2] In support, E.D.W. cites *Lucco v. Treadwell,* 127 So.2d 461 (Fla. 2d D.C.A. 1961), and states that attorney's fees are allowable to the party interpleading the funds to protect itself where due to conflicting demands thereon it is unsure of the proper party to pay and disclaims were not obtainable. (Def.['s] Br. Supp.Mot. Att'y['s] Fees at 2.) Furthermore, E.D.W. claims that the fees applied for in this matter apply only to the Fourth Party Interpleader action and not to the fees incurred as a result of the attempted Amended Complaint in Impleader filed by Hughes against E.D.W.

■ *Lucco* is distinguishable from the instant case. In *Lucco,* the plaintiff was a disinterested stakeholder. According to Florida law, "the [stakeholder], plaintiff, must prove his total disinterest in the stake he holds other than that of bringing it into court so that conflicting claims thereto can be judicially determined. [He] must also show that he did nothing to cause the conflicting claims ..." *Ellison v. Riddle,* 166 So.2d 840, 841 (Fla. 2d D.C.A. 1964).

As previously stated, there is a dispute of material fact as to whether the written, original contract or the oral, modified contract controlled the agreement, and what the terms of the controlling contract were between the parties. If money other than the $10,586.92 deposited by E.D.W. in the court's registry properly belongs to A.C. Electric, and, subsequently, may be garnished by the Plaintiff, E.D.W. would not be an innocent player entitled to an award of attorney's fees in the interpleader action. Moreover, if Hughes' allegations of the misappropriation of funds are valid, E.D.W. would be an interested party by operation of law. Ch. 713 *et seq.,* Fla.Stat. (1991). Thus, at this time, E.D.W. is not a disinterested stakeholder and the motion for attorney's fees is denied.

### FOUNTAIN FIRE'S MOTION FOR SUMMARY JUDGMENT

■ Fountain Fire asserts that its claim of lien is superior to the Notice of Levy and Final Demand of the United States of America (representing the Internal Revenue Service) because its lien is first in time. *See United States of America v. First Federal Savings And Loan Association of St. Petersburg,* 155 So.2d 192 (Fla. 2d D.C.A. 1963). Moreover, Fountain Fire claims that as a matter of law it should be entitled to $9,820.00 of the $10,586.92 impleaded into the registry of the Court. The Court disagrees with Fountain Fire at this time.

As E.D.W. asserts, Fountain Fire's motion for summary judgment is premature. (Def.['s] Resp.Mot.Summ.J. at 2.) The

---

1. However, the Court considers the case of *National Car Rental v. Bruce A. Ryals Enterprises,* 380 So.2d 529 (Fla. 5th D.C.A. 1980) to be persuasive. In *National Car Rental,* the district court affirmed the trial court's directed verdict and entry of final judgment, dissolving a writ of garnishment against a third party because there was no evidence proving that it was the property of the debtor which was fraudulently transferred.

2. *See Aetna Life Insurance Company v. Johnson,* 206 F.Supp. 63 (N.D.Ill.1962) (federal courts should follow state law because reflects a 'substantive' policy relative to non-conventional items of expense, such as attorneys fees, or because under Erie doctrine they must follow law of the state).

Court declines to establish priority between the claimants involved until the proceeds subject to the lien are established. The Court must initially determine which contract and which terms control in order to determine which parties are entitled to any sums that may be available. This is especially true in the present case where Fountain Fire contracted with A.C. Electric to install a fire alarm system in the American Legion Post No. 90 construction project. Because the underlying contract between the parties to the litigation is still in issue, the Court accordingly denies Fountain Fire's motion for summary judgment. Accordingly, it is

ORDERED that Implead Third Party Defendant's, E.D.W., Motion for Summary Judgment, Implead Third Party Defendant's, E.D.W., Motion for Attorney's fees, and Fourth Party Defendant's, Fountain Fire, Motion for Summary Judgment be denied.

DONE and ORDERED.