**In re MANDALAY SHORES COOPERATIVE HOUSING,**
Debtor.

**Bankruptcy No. 86–1183–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 10, 1995.

Malka Isaak, Tampa, FL, Richard Zeller, Clearwater, FL, for debtor.

Dennis Campbell, Miami, FL, for Chase Manhattan Bank.

Langfred White, appointed Trustee, Clearwater, FL.

## FINDINGS OF FACT UPON REMAND

ALEXANDER L. PASKAY, Chief Judge.

THIS WAS the third Chapter 11 case filed by Mandalay Shores Cooperative Housing. Although the case has been dismissed, this Court retained jurisdiction for the limited purpose of determining the administrative expense claims that have been asserted pursuant to § 503 of the Bankruptcy Code.

The matters under consideration are an Application for Payment of Compensation and Reimbursement of Expenses and the Supplement to the Application filed by Chase Manhattan Bank, N.A. (Chase). Chase in its Applications seeks allowance as reimbursement for the costs it incurred as attorneys fees for the services rendered to it by the law firm of Mershon, Sawyer, Johnston, Dunwody & Cole (Mershon Sawyer) and by the law firm of Hunton & Williams. After considering the Application, this Court entered an Order on July 23, 1990, denying the application and Supplement. Chase, having been aggrieved by the Order, timely filed a notice of appeal. In due course, the District Court considered the appeal and entered an order affirming this Court's Order which had been entered on the Applications on July 23, 1990. Chase which was then aggrieved by the Order of the District Court, filed an appeal with the Eleventh Circuit Court of Appeals.

On May 23, 1994, the Court of Appeals entered its Memorandum Opinion and Order and remanded the matter with directions for this Court to make specific fact findings and enter conclusions of law which formed the basis of this Court's Order of July 23, 1990, denying the original Application and the supplemental Application of Chase.

The facts relevant to the resolution of the matter under consideration are undisputed and appear from the record as follows:

The Debtor was formed on August 7, 1979 as a not-for-profit corporation by the tenants of an apartment complex located in Clearwater Beach, Florida known as Mandalay Shores. The corporation was formed for the purpose of acquiring ownership of Mandalay Shores and thereafter operating it as a cooperative housing facility for the benefit of the members of the association. In order to achieve this goal, the organizers launched a drive and within 48 hours were able to collect a grand total of approximately $938,000 from the participating tenants who each contributed from $2,328 to $5,013. The funds collected were deposited into an interest bearing account in the Chicago facility of Chase in 1979. When it became evident that the Debtor would not be able to purchase Mandalay Shores, certain tenants became disenchanted with the project and demanded the return of their contributions, which they claim were made only for the specific purpose of purchasing Mandalay Shores and could not be spent for any other purpose. Although some tenants received their contributions, other tenants did not receive any refund, and these tenants filed a suit in the Circuit Court of Pinellas County recover their funds for the appointment of a receiver. Their motion was granted and the Circuit Court did appoint a receiver even though the Debtor had no assets whatsoever with the exception of the funds deposited with Chase in Chicago.

On April 3, 1981, the Debtor filed its first Petition for Relief under Chapter 11 of the Bankruptcy Code in this Court. After several unsuccessful attempts to obtain confirmation, this Court entered an Order on October 25, 1985 and dismissed the Chapter 11 case. The plaintiffs in the Circuit Court quickly resumed their state court action, but before they could proceed any further, the Debtor responded by filing its second Chapter 11

Petition on October 4, 1985, although this second Petition was filed in the Bankruptcy Court for the Northern District of Illinois in Chicago. The disgruntled creditors wasted no time in attacking this second filing and were successful in obtaining an order entered on December 19, 1985, which dismissed the second Chapter 11 case. The Debtor filed a notice of appeal in Chicago challenging the Order of Dismissal, but the District Court, on appeal, having reviewed extensively this Court's previous findings and the findings of the Bankruptcy Court in Chicago, dismissed the appeal. See *In re Mandalay Shores Co-op. Housing Ass'n, Inc.,* 63 B.R. 842 (N.D.Ill. 1986).

On March 31, 1986, the Debtor, who had also unsuccessfully attempted to purchase several different apartment complexes, filed its third Chapter 11 case, this time in the Middle District of Florida and this third case remained pending for almost four years. While the case was pending, this Court appointed Mr. Langfred W. White (Trustee) as the Chapter 11 Trustee pursuant to § 1104 of the Bankruptcy Code. During the pendency of this Chapter 11 case there were two separate proceedings commenced, both related to the funds which were still held by Chase in Chicago. The first proceeding, which was filed by Ralph Meyer (Meyer) and Elizabeth Cannon (Cannon) on June 16, 1989, was filed in the United States District Court for the District of Columbia. This suit was not only filed on behalf of Meyer and Cannon on their own behalf, but also on behalf of a purported class of plaintiffs which, according to Meyer and Cannon were similarly situated. Meyer and Cannon, were tenants of Mandalay Shores and also contributed to the fund deposited with Chase in Chicago. The plaintiffs in that action sought a declaratory judgment with respect to the funds held by Chase and asserted that the funds were not property of the Chapter 11 estate, but instead represented the corpus of a charitable trust established by the tenants of Mandalay Shores and members of the newly formed association.

The plaintiffs contended that the Debtor was in fact a trustee for a charitable trust, and that the members or contributing ten-ants were the beneficiaries of that trust. The plaintiffs requested that the District Court determine their rights as trust beneficiaries to the funds involved.

The suit initially named only Chase as a Defendant in the action. Langfred White, as Trustee of the Chapter 11 estate (Trustee), intervened in the District Court action. On August 25, 1989, the Plaintiffs filed an Amended Complaint which added the Trustee as a Defendant. The Trustee and Chase both filed Motions to Dismiss the District of Columbia action. On December 12, 1989, the District Court dismissed the action, without prejudice, for lack of subject matter jurisdiction of the suit filed by Cannon & Meyer.

The second suit concerning the funds held by Chase was filed by the Trustee against Chase in the Bankruptcy Court for turnover of the funds pursuant to Section 542 of the Bankruptcy Code. On July 28, 1989, Chase filed its Answer, Affirmative Defenses, Counterclaim, and Third Party Complaint. The Counterclaim essentially consisted of an interpleader action whereby Chase asserted that it was faced with conflicting claims to the funds and the Third Party Claim was asserted against Meyer and Cannon. On September 12, 1990, the Trustee filed a Motion for Summary Judgment in the turnover action. On September 20, 1990, Chase filed its own Motion for Summary Judgment and sought an order authorizing it to deposit the funds in the registry of the Court and dismissing it from the suit filed by the Trustee. On December 10, 1990, the Court entered its Order on the Motions for Summary Judgment and Final Judgment. In this Order, the Court granted the Trustee's Motion and ordered Chase to turn the funds over to the Trustee within 15 days from the date of the Order. The Court also granted Chase's Motion for Summary Judgment for a discharge in interpleader once the funds were delivered to the Trustee. On January 8, 1991, the Trustee filed a Satisfaction of Judgment and Statement of Compliance stating that Chase had turned over the funds to the Trustee on December 19, 1990, and that distribution had been made in accordance with the Court's order.

Thereafter, Chase filed the following Applications for Attorney's Fees pertaining to its involvement in this case:

1. Application dated March 29, 1990, in which it seeks the sum of $41,409 in fees, plus $3,549 as expenses for services rendered between June 30, 1989, and March 28, 1990.

2. Supplement to Application dated April 30, 1990, in which Chase seeks these fees on the additional theory that the claimants to the fund acted in bad faith.

The Trustee filed a written Objection to the Applications on the ground that Chase was not entitled to the fees under the law regarding interpleader actions, and also on the ground that the fees were excessive. On July 23, 1990, the Court entered an Order Denying Chase's Application. After Chase's Motion for Rehearing of this Order was also denied by this Court, Chase appealed to the United States District Court, which affirmed this Court's decision. Chase was not satisfied with the adverse rulings by both courts and appealed to the Eleventh Circuit Court of Appeals. The Eleventh Circuit remanded the matter for further proceedings with the direction to issue findings of fact and conclusions of law.

■■■ It is fundamental that the award of costs and attorneys fees to the stakeholder in an interpleader action is within the complete discretion of the Court. *Central Bank of Tampa v. United States*, 838 F.Supp. 564, 566 (M.D.Fla.1993). In exercising this discretion, Courts generally consider whether the allowance of fees and costs will deplete the fund; whether the filing of an interpleader action is part of the stakeholder's ordinary course of business; whether the stakeholder is innocent or has contributed to the controversy; whether the stakeholder has an interest in the outcome of the proceedings; whether the stakeholder has unduly delayed the proceedings; whether the fee requested is modest or substantial; and whether the stakeholder assisted in preserving the fund. *See* 7 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure*, Civil 2d § 1719. Typically, an award is granted only when the stakeholder is innocent and disinterested, has deposited the fund in the registry of the Court, and has asked for a discharge of further liability.

■■■ The record in this case is sufficient to warrant the denial of fees and costs to Chase. First, such an award would of course diminish the fund that was created by the contributions of the participating tenants. It also appears that attorney's fees and related costs associated with interpleader actions are an ordinary component of Chase's business. Chase is a financial institution with extensive operations, so that the potential for competing claims is a foreseeable and normal risk of accepting deposits and maintaining accounts for its customers.

There is also a basis in the record to conclude that Chase is not a wholly innocent or disinterested stakeholder. *See Hughes Supply, Inc. v. A.C. Electric Corporation of Lee County*, 145 F.R.D. 590 (M.D.Fla.1993) (In order to be entitled to an award of fees and costs, a stakeholder must prove his total disinterest and must also prove that he did nothing to cause or exacerbate the controversy.) Chase held the account from 1979 until December 19, 1990. The trustee was appointed on May 26, 1989, but Chase did not turn the funds over to the Trustee either at that time or upon the demand of the Trustee. With respect to the two court proceedings, it is questionable whether Chase was required to defend the District of Columbia action as vigorously as it did, especially after the Trustee was named as a Defendant and appeared to be the primary party in interest. That action essentially sought declaratory relief as to the status of the funds and did not seek an affirmative award against Chase. Yet $29,330.73 of the fees and costs requested by Chase relate to the action for declaratory relief. Further, in the turnover action commenced by the Trustee, Chase did not appear content to file its Answer, Affirmative Defenses, Third Party Complaint, and interpleader action as a counterclaim, but instead aggressively litigated in the adversary proceeding, as evidenced by the additional papers filed by it while the action was pending, including at least four Motions for Default against Meyer & Cannon as Third Party Defendants; an Objection to the Order on Dismissal of Petition; a Motion to Withdraw

the Reference to the Federal District Court; and various subsequent pleadings including a Motion for Sanctions against Meyer & Cannon which was later withdrawn.

The basic interpleader action was not unusually complex, so that the primary papers would generally consist of only the Complaint, the Summons, the Motion for Summary Judgment and the Order of Discharge. It is also significant that Chase did not tender the funds to the Registry of the Court, even after it had filed the interpleader counterclaim.

Further, it cannot be said that the fee requested by Chase is insubstantial. Chase initially sought approximately $45,000 as its fees and costs from June of 1989 through March 28, 1990. It should be noted in this regard that, subsequent to the denial of its original Fee Application and Supplement, Chase filed a new Fee Application seeking the additional sum of $64,851.00 for services rendered from April 1, 1990, to October 29, 1992, in connection with its appeal of the Order Denying its Fee Application to the District Court and the Eleventh Circuit.

Finally, the Court finds that Chase did not assist in preserving the fund by virtue of its litigation, since it is likely that the same result would have been accomplished without Chase's active involvement.

The Court has considered the various factors relating to the award of attorneys fees in interpleader actions, has applied those factors to the facts of this case as set forth above, and finds that an award of fees and costs to Chase is not appropriate.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to the Applications be, and the same is hereby, sustained. It is further

ORDERED, ADJUDGED AND DECREED that the Application dated March 29, 1990, which seeks the sum of $41,409 in fees, plus $3,549 as expenses for services rendered between June 30, 1989, and March 28, 1990, and the Supplement to Application

dated April 30, 1990, filed by Chase be, and the same are hereby, disapproved.

DONE AND ORDERED.